## WARNER *v.* JENNINGS.

[No. 5,652. Filed February 23, 1906.]

1. PLEADING.—*Complaint.*—*Exhibits.*—*Declaring Deed a Mortgage.*—*Cancelation of Instruments.*—*Suretyship and Guaranty.*—*Husband and Wife.*—A paragraph of complaint alleging that a certain deed was in reality a mortgage, and praying

that it be declared such, and that it be canceled because the plaintiff, a married woman, executed same as surety, is sufficient; and it is not necessary to file such deed as an exhibit to such complaint. p. 397.

2. PLEADING.—*Complaint.*—*Demurrer.*—*Special Findings.*—Where a demurrer is erroneously sustained to a paragraph of complaint, the fact that the judgment logically follows the special findings on the other paragraphs thereof does not render such error harmless. p. 397.

From Scott Circuit Court; *Willard New,* Judge.

Suit by Alice Warner against William L. Jennings. From a decree for defendant, plaintiff appeals. *Reversed.*

*L. A. Douglass* and *A. N. Munden,* for appellant.

*Joseph H. Shea* and *Mark Storen,* for appellee.

COMSTOCK, J.—The complaint of appellant, a married woman, who was plaintiff below, was in three paragraphs. The first alleges that appellant made a deed for 140 acres of land to the appellee, and that by mutual agreement appellee was to hold the land until the rents and profits therefrom should pay him a debt of $500 and interest, due from appellant to him; that he kept the land, used the rents and profits, and paid himself the debt, but refused to reconvey the land. The second alleges that appellant was indebted to John Hamilton in said sum of $500, and appellee was her surety; that she deeded the land to appellee to indemnify him as such surety from any loss or damage, and he was to apply the rents and profits to repay himself the money, unless the land should be sold, in which event he was to share in and have his pay out of the sale money; that he took possession of the rents and profits, and that defendant paid himself in full, but that he refused to reconvey to appellant. In each of the above paragraphs, briefly stated, the court is asked to declare a deed a mortgage, have the same declared satisfied and the land reconveyed. A demurrer to each was overruled.

The third amended paragraph of the complaint in substance states that appellant was a married woman; that her

husband owed a debt of $500 on a note, upon which appellee and Susanna Jennings, the mother of appellant, were sureties, and that to indemnify them she mortgaged the land to them; that afterwards, further to indemnify appellee from loss, she made a deed to him for the land; that said deed was in fact a mortgage, and it was void by reason of appellant's being a married woman. Prayer that the deed be canceled, etc.· A demurrer to this paragraph was sustained. Appellee answered in five paragraphs, the first and second being general denials to the first and second paragraphs of the complaint, the third and fourth, the statute of limitation, the fifth, that he purchased the real estate described in the complaint and paid full value thereof, to wit, the sum of $800, and received a warranty deed from the plaintiff and her husband on the 20th day of January, 1890, and immediately went into possession of said land, which possession he has held since said time, expending large sums of money in clearing said land and preparing it for farming purposes, has paid the taxes each year, and in paying interest on the original price of said land has paid more than he has received in rents and profits, etc. Appellee also filed a cross-complaint, alleging that he purchased the real estate described in the complaint, paid the full value thereof, and received a warranty deed from the plaintiff and her husband on the 20th day of January, 1890, and immediately went into · possession thereof, which possession he has held, expending large sums of money in clearing said land and preparing it for farming purposes; that he has each year paid taxes, and in this way and in paying interest on the original price of said land has expended more than he has received from the rents and profits therefrom; that the claim asserted by the plaintiff is a cloud upon his title; and that if, upon a hearing of the cause, it should be determined by the court that said conveyance was made for the purpose of securing and indemnifying this cross-complainant for said amount

of money above set out, then this cross-complainant prays the court that said $800, with the interest thereon from the 20th day of January, 1890, at 8 per cent per annum, together with the amount expended for taxes, be declared a lien thereon, etc. The cause was put at issue upon the first and second paragraphs of the complaint, the answers and reply thereto and the cross-complaint and answer to the same. Upon proper request the court made special findings, stated conclusions of law, and rendered judgment thereon in favor of appellee, that he is the owner in fee simple of the real estate described in the complaint, and quieting his title thereto. Said findings and conclusions were filed in the Scott Circuit Court in vacation. The action of the court in sustaining the demurrer to the amended third paragraph of the complaint, in announcing the special findings and conclusions of law in vacation, in filing the special findings and conclusions in vacation, and that said special findings and conclusions were never filed in court, are each specified as error.

It is contended by appellee that said third paragraph of the complaint is fatally defective, because the deed which it seeks to have declared a mortgage is the foundation of the action and that no exhibit purporting to be a copy thereof is filed therewith. This position we think is not tenable. The gist and foundation of the paragraph is that appellant, a resident married woman, signed such deed as surety. The issue of suretyship is not tendered by any other paragraph. It is further contended that even if it were error to sustain the demurrer, such error was harmless, because the same questions are presented by exceptions to the conclusions of law upon the special findings. The rule contended for does not apply in the case at bar, because the court held by its ruling on the demurrer that the facts set out, if proved, would not constitute a cause of action. *Replogle* v. *American Ins. Co.* (1892), 132 Ind. 360. The paragraph stated

a cause of action.   Where a party duly excepts to the ruling on a demurrer which overthrows a valid pleading, he does not waive any rights by suffering the case to proceed to trial; nor is he bound to offer evidence on the subject covered by his pleading, for his exception to the ruling on the demurrer effectually asserts and preserves his rights.   No attempt is made to make the evidence a part of the record. The other specifications of error need not be considered.

Judgment reversed, with instructions to overrule appellant's demurrer to the third paragraph of the complaint.