Replogle v. The American Insurance Company et al.

Filed Oct. 11, 1892.

No. 15,364.

REPLOGLE v. THE AMERICAN INSURANCE COMPANY ET AL.

INSURANCE.—*Action on Policy.—Condition Against Other Insurance.—Answer.—Pleading Additional Insurance.—Sufficiency of.*—In an action to recover on a policy of fire insurance containing a condition avoiding it if the insured should obtain other insurance without the consent of the company, when a copy of the policy is filed with the complaint, a special answer in confession and avoidance averring a violation of such condition is not demurrable because a copy of the policy is not filed

with the answer. It was not necessary either to allege in such answer that the additional insurance was in force when the loss occurred. If the policy in suit was avoided by the additional insurance, it was avoided when the additional policy was taken, and it is immaterial whether the new policy was still in force when the loss occurred or not.

SAME.—*Reply Averring Additional Insurance to be Invalid.*—To an answer pleading a violation of the stipulation against other insurance, a reply was bad which averred that the second policy contained a provision on that subject similar to the one in the policy sued on; that when it was issued, the policy sued on was in full force; that the assured did not notify the second insurer of the existence of the first policy, and that that company never at any time, nor in any manner, consented to the additional insurance.

SAME.—*Charter Prohibition Against Insuring Property Already Insured.*—The fact that the charter of the second company contained a provision prohibiting it from insuring property already insured, and declaring policies issued in violation thereof void, did not render the first policy effective. The presumption is that the party procuring the second policy did so with the intention of availing himself of the protection which it *prima facie* afforded him.

SAME.— *Waiver of Broken Condition.— What Constitutes.—Proof of Loss, etc.*— A forfeiture of an insurance policy, by reason of a violation of one of its conditions by the assured, is waived by the company when in the full knowledge of the facts it not only required the assured to make proofs of his loss, but after he had made proofs required him to make additional proofs, and to furnish plans and specifications of the buildings destroyed, and to expend money in travelling and other expenses.

SAME.—*Reply. — Pleading Waiver.— Sustaining Demurrer To. — When not Harmless Error.*—It was not harmless error to sustain a demurrer to a reply setting up such a waiver of the forfeiture by the company, since neither under the general denial contained in the reply nor under the allegation in the complaint that the insured had furnished the proofs of loss was evidence admissible as to the making of the additional proofs of loss, and of the furnishing of plans and specifications of the building destroyed, and of the traveling and other expenses.

SAME.—*Adoption of Theory by Court.—Presumption that it will be Adhered to.— Effect of Presumption.*—Where the trial court, by sustaining the demurrer, held that such facts as were pleaded, even if proven, would not constitute a waiver, the presumption is that having by the ruling adopted such a theory it adhered to it throughout the case, and admitted no evidence, and made no finding relative to such alleged facts. It will be presumed, also, that whatever evidence, if any, the appellant may have had in support of this paragraph of reply it was not offered, and would, therefore, not appear in the record. The appellant had the right to assume that the court would adhere to the theory indicated by

its ruling in sustaining the demurrer. Under this state of facts the Supreme Court will not look to the finding of facts by the court and to the conclusions of law for assurance that there was no waiver of the forfeiture.

From the Wayne Circuit Court.

*F. M. Finch, J. A. Finch* and *T. J. Study,* for appellant.
*F. Winter* and *J. B. Elam,* for appellees.

McBRIDE, C. J.—This was a suit by Replogle, the appellant, to recover on a policy of fire insurance issued by the American Insurance Company, and re-insured in the Home Insurance Company.

The policy, a copy of which was filed with the complaint, contained the following provision :

" 6. It is further provided and agreed that if the assured shall have, or shall hereafter obtain, any other insurance on the property hereby insured, or any part thereof, without the consent of the secretary of this company written thereon, * * * * * * * this policy shall be void, and the assured shall not be entitled to recover from this company any loss or damage which may occur in or to the property hereby insured, or any part or portion thereof."

The appellees answered in four paragraphs. The first was a general denial, while the remaining three were based upon allegations that, after the policy was issued, and before the loss occurred, the assured, in violation of the condition above stated, without the knowledge or consent of the appellees, procured other and additional insurance on the same property in the Ohio Farmers' Insurance Company.

The sufficiency of the special answer is questioned on the ground that no copy of the policy upon which the suit was brought was filed with them. This was not necessary. As above stated, a copy of it was filed with the complaint. The answers were in confession and avoidance, and did not seek any affirmative relief. They necessarily admit the truth of all material and well pleaded facts in the complaint and the

correctness of all exhibits properly filed as parts of it. The ruling of the circuit court was right for this and other reasons. It is also contended that two of the paragraphs are bad because it is not averred that the policy in the Ohio Farmers' Insurance Company was in force when the loss occurred. If the policy in suit was avoided by the additional insurance, it was avoided when the additional policy was taken, and it is immaterial whether the new policy was still in force when the loss occurred or not.

The appellant filed a reply in four paragraphs. The first is a general denial. The second alleges in substance that the policy issued by the Ohio Farmers' Insurance Company contained a provision relating to other insurance similar to that contained in the policy sued on, and alleges that when it was issued the policy sued on was in full force; that the assured did not notify the Ohio Farmers' Insurance Company of its existence, and that that company never at any time, nor in any manner, consented to the additional insurance. It is insisted that by reason of these facts the policy issued by the Ohio Farmers' Insurance Company was void, and did not constitute additional insurance so as to avoid the first policy.

This is the second appeal of this case, the decision on the first appeal being reported under the title, *American Ins. Co.* v. *Replogle*, 114 Ind. 1. In the opinion there rendered the sufficiency of this paragraph of reply was fully considered, the late Judge MITCHELL announcing the opinion for the court. Counsel for the appellant question the correctness of the conclusion there reached. It would be sufficient to say that, right or wrong, it is the law of the case and must stand. We will, however, add, that that opinion has our unqualified approval. We regard it as a fair and correct exposition of the law. The fourth paragraph of reply alleges, in substance, that the Ohio Farmers' Insurance Company is a mutual company; that the assured became a member of the company by taking a policy, and that the charter

of the company contained a provision relating to additional insurance substantially like that contained in the policy. The argument is, in substance, that as the charter forbids such insurance, and declares policies issued in violation thereof void, the policy was absolutely void for want of power in the company to issue it, and, therefore, constituted no additional insurance. It is undoubtedly true, that the charter of the company entered into and formed a part of the policy. Assuming that the policy issued by the Ohio Farmers' Insurance Company was void by reason of the pre-existing policy, yet, in a suit upon that policy, its invalidity could only be shown by the proof of extrinsic facts. There was nothing upon the face of the policy, or in the terms of the charter, to indicate the existence of the additional fact necessary to avoid it. It must be presumed that the party procuring it did so with the intention of availing himself of the protection which it *prima facie* afforded him.

We quote, as *apropos*, the language of Judge Mitchell in *American Ins. Co.* v. *Replogle, supra.*

"The primary purpose of inserting conditions against other insurance is to protect the company from the hazard of over insurance. The condition implies that the insurance company will decline the obligation of insurer whenever the relations of the owner to the property are such that he would be benefited by, and might, therefore, have a motive for, its destruction. Consequently, it aims to secure the continued vigilance and co-operation of the owner in preserving the property, and to compel him to maintain such an interest in, and relation to, the property as to have no motive for the relaxation of his care over it. * * Whenever, therefore, the property owner, in violation of a condition such as that in question, applies for and obtains a second policy, valid upon its face, with the intent and purpose to carry the second policy as valid insurance, without giving notice thereof, he has thereby defeated the whole policy and purpose of the condition, and has done that which constitutes a complete defence to an

action on the first policy. As was in effect said in *Lackey* v. *Georgia Home Ins. Co.*, 42 Ga. 456 : If the property owner *thinks* the second policy is good, and intends it to be good, the danger of burning is the same as if it really were good."

In our opinion the fourth paragraph is no better than the second.

The third paragraph of reply is as follows :

" For further reply to the second, third and fourth paragraphs of answer herein the plaintiff says that after the destruction by fire of the property mentioned in the complaint herein, the defendants, with a full knowledge of all the facts set out in said paragraph of answer, required plaintiff, upon notice by him to them of said destruction of said property by fire, to make due and full proofs of said destruction by fire of said property, and of his loss thereby, and required him, after he had made said proofs, which he deemed sufficient, to make out additional proofs of said destruction of said property by fire, and required him to furnish plans and specifications of the buildings so destroyed, and required him to go from his home in Wayne county, Indiana, to Indianapolis, Indiana, and learn what additional proofs were required, all of which the plaintiff did at great expense to him in money expended, and in time devoted to making said proofs and said additional proofs, in making and procuring said plans and specifications, and in going to said city of Indianapolis, all at an expense in money and time of fifty dollars ($50). And plaintiff says that during all this time defendant, though fully advised, and knowing all the matters set up in said paragraphs of answer, did not notify plaintiff that any objection would be made by defendants to the payment of the sum secured by said policy of insurance on account of any of the matters set forth in said paragraph of defendant's answer. Wherefore plaintiff alleges a waiver of said defenses to this action, and avers that the defendants are, or ought to be, estopped to defend against this suit on account of any of said matters. Wherefore," etc.

An insurance company may, unquestionably, waive the right to avoid a policy for a breach of some of its conditions. Any act done after notice of the breach of conditions, which recognizes the validity of the policy, is a waiver of the right to avoid for that reason. *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410 ; *Cannon* v. *Home, etc., Ins. Co.*, 53 Wis. 585; *Gans* v.*St. Paul Fire, etc., Ins. Co.*, 43 Wis. 108; *Schreiber* v.*German American, etc., Ins. Co.*, 43 Minn. 367 ; *Phoenix Ins. Co.* v. *Lansing*, 15 Neb. 494; *Webster* v. *Phoenix Ins. Co.*, 36 Wis. 67 ; *Insurance Co.* v. *Norton*, 96 U. S. 234; *Prentice* v. *Knickerbocker Life Ins. Co.*, 77 N. Y. 483; *Brink* v. *Hanover Ins. Co.*, 80 N. Y. 108 ; *Osterloh* v. *New Denmark, etc., Ins. Co.*, 60 Wis. 126 ; *Viele* v. *Germania Ins. Co.*, 26 Iowa, 9.

In the case of *Titus* v. *Glens Falls Ins. Co., supra,* the court says : " When there has been a breach of a condition contained in an insurance policy, the insurance company may or may not take advantage of such breach and claim a forfeiture. It may, consulting its own interest, choose to waive the forfeiture, and this it may do by express language to that effect, or by acts from which an intention to waive may be inferred, or from which a waiver follows as a legal result. A waiver can not be inferred from its mere silence. It is not obliged to do or say anything to make the forfeiture effectual. It may wait until claim is made under the policy, and then, in denial thereof, or in defence of a suit commenced therefor, allege the forfeiture. But it may be asserted broadly that if, in any negotiations or transactions with the insured, after knowledge of the forfeiture, it recognizes the continued validity of the policy, or does acts based thereon, or requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is as matter of law waived ; and it is now settled in this court, after some difference of opinion, that such a waiver need not be based upon any new agreement or an estoppel."

In *Cannon* v. *Home, etc., Ins. Co., supra,* the Supreme Court

of Wisconsin says: "The proposition upon which counsel rely is this: that a party can not occupy inconsistent grounds or positions; that one who relies upon the forfeiture of a contract can not, at the same time, treat the contract as an existing, valid one, nor call upon the other party to the contract to do anything required by it; or, to apply the proposition to the precise facts in the case, that, as the defendant, in its correspondence with the attorneys of the plaintiff, after full knowledge of the forfeiture, saw fit to call for additional proofs of loss, recognizing by this act the continued validity of the policy, it could not, after the plaintiff had gone to the expense and trouble of furnishing these proofs, change its ground, and claim that the policy was no longer in force. We think this position is sound in law and amply sustained by the doctrine of the adjudged cases."

To the same effect, and equally emphatic, is the case of *Gans* v. *St. Paul Fire, etc., Ins. Co., supra*.

The proposition above quoted from *Titus* v. *Glens Falls Ins. Co., supra*, was approved by this court in *Phenix Ins. Co.* v. *Tomlinson*, 125 Ind. 84 (93).

If these cases decide the law correctly (and we think they do), the reply before us is good. It is expressly averred that the appellee, with full knowledge of the facts, not only required the appellant to make proofs of his loss, but, after he had made proofs, required him to make additional proofs, and to furnish plans and specifications of the buildings destroyed, and to go from his home in Wayne county to Indianapolis, at an expense of fifty dollars.

Appellees insist, however, that conceding the reply to be good, and that the court erred in sustaining a demurrer to it, the error was harmless, for the reason that evidence of the facts averred was admissible under the allegations of the complaint that the appellant had furnished the proofs of loss required by the policy, and had kept and performed all conditions, etc. And that it was also admissible under the general denial. Evidence was not only admissible under

the averments of the complaint that the assured had made the proofs required by the policy, but was necessary to justify a recovery. The averments of this reply, however, are that the assured not only made the proofs required, but was required to and did make *additional* proofs, and was required to *furnish plans and specifications of the buildings destroyed.* By the terms of the policy the assured could only be required to furnish plans and specifications in case the company elected to rebuild the destroyed buildings. Such an election of necessity affirms the validity of the policy. Evidence of such requirements was not admissible, either under the averments of the complaint or of the reply of general denial. So, also, of the requirement to visit Indianapolis.

Counsel also ask us to look to the finding of facts by the court, and to the conclusions of law, for assurance that there was no waiver of the forfeiture.

The question as presented to us is one of pleading alone. Did the court err in sustaining a demurrer to this paragraph of reply? We can get no aid in the determination of this question from the finding, or from an examination of the evidence. The court by its ruling on the demurrer held that such facts as were pleaded, even if proven, would not constitute a waiver. The presumption is that the court, having by this ruling adopted such theory, adhered to it throughout the case, and admitted no evidence, and made no finding relative to such alleged facts. Elliott App. Proc., section 591, and authorities cited. It will be presumed, also, that whatever evidence, if any, the appellant may have had in support of this paragraph of reply, was not offered, and would, therefore, not appear in any manner in the record.

It was the right of the appellant to assume that the court would adhere to the theory indicated by its ruling in sustaining the demurrer, and he was not required to, and presumptively would not, offer any testimony relating to the questions covered by such ruling. We must presume that the cause was tried and decided upon that theory. The

theory being erroneous, and relating to a vital and controlling question, its effect being to exclude such question entirely from the record, we can not, from an examination of the entire record, say that a just conclusion was reached.

The judgment is, therefore, reversed, with costs.

