THE ILLINOIS LIVE STOCK INSURANCE COMPANY

*v.*

R. H. BAKER.

*Filed at Springfield October 30, 1894.*

1. INSURANCE—*waiver of limitation clause in policy.* Hopes of payment held out to a plaintiff by an insurance company as an inducement not to sue within the time limited in the policy, operate as a waiver of the limitation clause in such policy.

2. SAME—*such a waiver cannot be revoked.* When once so waived, the limitation clause of the policy will not, after any substantial part of the time named in it is lost, be revived by a statement to the insured that the company is insolvent and he can make nothing by suit.

3. After such waiver the case rests upon the regular statutory limitation.

4. PLEADING—*limitation in policy pleaded same as other limitations.* The same rules of pleading apply to a limitation contained in an insurance policy as obtain in other limitations of actions.

5. SAME—*plaintiff may elect manner of pleading waiver.* A plaintiff may either reply the waiver of the limitation to defendant's plea thereof, or aver in the first instance, in his declaration, the facts which avoid the bar.

6. If he does the latter, the general issue puts him upon proof of the waiver, and a special plea of the bar by defendant becomes superfluous.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

The opinion of the Appellate Court was as follows:

"This was assumpsit upon an insurance policy issued by the company upon a horse belonging to the plaintiff. The policy contained a limitation clause of six months, and the declaration averred that the company waived this clause by requesting the plaintiff not to sue. In the first count the request was alleged to have been made

after the six months had expired; in the second count it was alleged to have been made within that time. The defendant pleaded *non assumpsit,* and several special pleas. The first special plea set up as a defense that the suit was not brought within six months, and the action of the court in sustaining a demurrer to that plea is assigned as error.

"The declaration sought to avoid the bar of the limitation clause by averments showing a waiver, and it is conceded in the argument that if these averments are sufficient the special plea amounted only to the general issue, and was unnecessary, and hence there was no error prejudicial to the defendant in sustaining a demurrer to the plea. In *Peoria Marine and Fire Ins. Co.* v. *Whitehill,* 25 Ill. 466, it is said, that if an insurance company, by fraud or by holding out reasonable hopes of an adjustment, deters a party assured, being under such a condition to sue, from commencing his suit, he honestly confiding in the pretences and promises of the assurer, the condition would be no bar, but in such case there should be proper averments, in the declaration, of the facts. In *Andes Ins. Co.* v. *Fish,* 71 Ill. 620, the court adheres to the position that the limitation may be waived by such acts of the insurance company, but says it is not indispensable that the declaration should aver the facts,—that the same rule of pleadings should be allowed in respect to this as to other limitations of actions, and that the limitation should, if insisted upon, be set up by plea, when the plaintiff may reply the facts relied upon as excusing what would otherwise have been *laches* in bringing suit. It is therefore not necessary for the plaintiff to insert averments in his declaration to avoid the bar, but he may do so if he chooses, and in such cases the general issue will put him upon proof of the waiver. The special plea was wholly unnecessary in this case. All the facts relied upon by the plaintiff in excuse of the delay were neces-

sarily provable, in order to make out the case alleged. We think he clearly proved the waiver as alleged in the second count. All the promises and hopes held out by the company were within the six months, and there is no doubt that plaintiff was thereby delayed from suing.

"It is urged that before the six months expired he was informed by the president of the company that he could not make anything if he did sue, because the company was insolvent, and that if he had a reasonable time left within which to sue he should have done so,—in other words, that the waiver may be revoked and the limitation revived. We are inclined to agree with the circuit court on this point, and to hold that if there was once a waiver it could not be recalled or revoked. If any substantial part of the time provided by the limitation is lost by reason of the waiver, the limitation is wholly gone. It cannot be revived, nor can the plaintiff be required to sue within any time short of the statutory limitations. It is probably true that the suggestion of insolvency was to prevent the bringing of the suit. From the beginning the president of the company represented to the plaintiff that the company was not then able to pay, but probably would be after a while, and if plaintiff would wait he should be paid, and plaintiff, relying on this, did wait until the company became insolvent.

"It is objected that the court, of its own motion, held a proposition to the effect that the questions of limitation were not in issue, there being no plea of the Statute of Limitations. We suppose the court intended thereby to say that only the question of waiver was involved. Strictly speaking, the question of limitation was involved by the averments of the declaration. Whatever may have been the view of the court as to this merely technical matter, we are of opinion the merits of the case were with the plaintiff so clearly that the judgment ought not to be disturbed."

Mr. JOSEPH B. MANN, and Messrs. KERRICK, LUCAS & SPENCER, for the plaintiff in error:

The second plea sets forth the six months' limitation clause of the policy, and presents a complete bar to the action, unless it may be said that the averments of the declaration rendered such plea unnecessary. The bar of the six months' clause must ordinarily be specially pleaded. *Insurance Co.* v. *Fish*, 71 Ill. 620.

The waiver did not put the plaintiff in a condition where he was likely to lose any of his rights. The doctrine of estoppel cannot therefore be invoked. May on Insurance, sec. 482.

The testimony is conclusive that appellee did not rely upon the promises to pay, and was not deterred from bringing suit by any other consideration than that suit would be unavailing because of the insolvency of the company. *Insurance Co.* v. *Whitehill*, 25 Ill. 475.

Messrs. ROWELL, NEVILLE & LINDLEY, for the defendant in error:

When an insurance company shall, by fraud or by holding out reasonable hopes of an adjustment, deter a party assured, being under such a condition to sue, he honestly confiding in the pretences and promises of the assurer, the condition would be no bar, but in such case there should be proper averments, in the declaration, of the fact. *Insurance Co.* v. *Whitehill*, 25 Ill. 475; *Insurance Co.* v. *Chesnut*, 50 id. 117; *Insurance Co.* v. *Fish*, 71 id. 620; *Insurance Co.* v. *Stanton*, 57 id. 362; *Darrah* v. *Insurance Co.* 74 id. 408; *Insurance Co.* v. *Myer*, 93 id. 276; *Insurance Co.* v. *Peck*, 133 id. 220; *Martin* v. *Insurance Co.* 44 N. J. L. 485.

Mr. JUSTICE BAKER delivered the opinion of the court:

We think that the foregoing opinion of the Appellate Court, by WALL, J., properly disposes of all the questions raised upon this record affecting the real merits of the

case. The vital issue on the trial was, had the company waived the time within which, by the terms of the policy, the suit should have been begun. That the evidence tended to prove such waiver, under the rule announced in the cases cited by Judge WALL, and again laid down in *Allemania Fire Ins. Co.* v. *Peck et al.* 133 Ill. 220, is beyond controversy, and the Appellate Court has, by its judgment of affirmance, conclusively found the facts. It is also clear that all propositions of law asked by the defendant to be held as applicable to the case were properly refused.

We are of the opinion that no reversible error is shown, and that the judgment of the Appellate Court should be affirmed.

*Judgment affirmed.*