LYNCHBURG COTTON MILL CO. v. TRAVELERS' INS. CO. OF HART-FORD, CONN.

(Circuit Court of Appeals, Fourth Circuit. December 14, 1906.)

No. 654.

**1. INSURANCE—ACTION ON POLICY—CONTRACT LIMITATION—WAIVER.**

Where an employer's liability policy provided that an action thereon should be barred unless commenced within 30 days after the right of action accrued, but the insurer participated in negotiations for a settlement for a period of more than 90 days after the 30-day limitation had expired, the contract limitation was absolutely waived, so that on the termination of the negotiations for settlement the insured was only required to proceed within the statutory period to enforce its claim.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 1543, 1551, 1553.]

**2. SAME—EVIDENCE.**

Where, in an action on an employer's liability policy, it was claimed that the suit was barred by a 30-day limitation clause, certain correspondence between insured and the local and state agents of the defendant company and between such agents themselves regarding the adjustment of the claim, which was a mere continuance of the same adjustment which the company admitted to have been conducting for 90 days after the 30-day limitation had expired, was admissible as bearing on the issue of waiver of such contract limitation.

In Error to the Circuit Court of the United States, for the Western District of Virginia, at Lynchburg.

For opinion below, see 140 Fed. 718.

On the 18th day of April, 1902, Fitzhugh Stanley, an employé of the Lynchburg Cotton Mill Company, was injured in the course of his employment; and on the 21st of April, 1903, he recovered a judgment for damages on account thereof, in the circuit court of Campbell county, against the cotton mill company for $5,000 and costs, which judgment was subsequently affirmed by the Supreme Court of Appeals of Virginia in March, 1904. At the time of the accident to Stanley, the plaintiff in error had an employer's liability policy issued by the defendant in error for an amount not to exceed $2,500 for injury to any one person; and in said policy the insurance company undertook to defend at its own expense, and in the name and on behalf of the assured, any suits for damages covered by its policy. The present

suit was instituted by the plaintiff in error herein, in the corporation court of the city of Lynchburg, to recover from the defendant in error herein the sum of $2,732.93, being the amount claimed under the accident policy aforesaid as their liability on the judgment recovered by said Stanley. The case was by appropriate proceedings removed from the corporation court of Lynchburg to the United States Circuit Court for the Western District of Virginia. Upon the docketing of the same in the latter court the defendant pleaded nonassumpsit, and issue was joined thereon, and subsequently filed its special plea in writing setting up in bar of the plaintiff's right of recovery the 30 days' limitation within which suit should be brought, as prescribed by clause 14 of the policy sued on. To this special plea the plaintiff replied, setting forth certain correspondence had by and between it and the defendant company and its representatives, looking to an adjustment of the controversy, and whereby, as claimed by the plaintiff, the benefits of clause 14 of the policy were waived, and that in any event such compromise was not abandoned by the defendant until the 16th day of September, 1904, a period of less than 30 days before the institution of this suit. To this replication the defendant filed its rejoinder, likewise setting forth a letter from defendant's counsel to the plaintiff, dated the 16th of August, 1904, whereby the defendant insisted that the negotiations looking to a compromise ended on the date of said letter of the 16th of August, and that the failure of the plaintiff to institute its action within 30 days from that date, said suit not having been commenced until the 10th day of October, 1904, barred a recovery, and the said defendant, on account thereof, craved judgment against the plaintiff. Upon the issues thus joined a jury was impaneled, and after the conclusion of all the evidence the court, on motion of the defendant, instructed a verdict in its favor, to which action of the court, as well as to sundry rulings made pending the trial, upon the admission and exclusion of evidence, exceptions were duly taken by the plaintiff, and this writ of error sued out to this court. A preliminary motion was submitted to this court involving the technical question of the sufficiency of the bill of exceptions certifying the evidence in the case, and that motion at a previous term of the court was in an oral opinion decided in favor of the defendant, the two circuit judges concurring therein, and the writer dissenting. The evidence, therefore, so far as contained in said bill of exceptions, is eliminated, and the case is now before the court solely upon the propriety of the rulings of the lower court upon the questions raised by the pleadings, and upon the admission and rejection of evidence pending the trial, and the entry of judgment for the defendant.

Randolph Harrison and A. R. Long, for plaintiff in error.

Robert H. Talley and J. T. Coleman (Cabell, Talley & Cabell and Caskie & Coleman, on the brief), for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and WADDILL, District Judge.

WADDILL, District Judge (after stating facts as above). Ten bills of exceptions were taken to the action of the lower court respecting the admission and exclusion of evidence, and one, the eleventh, to the direction by the court of a verdict for the defendant. The 10 bills of exception and assignments of error based thereon relate to the efforts on the part of the plaintiff to introduce certain correspondence between the plaintiff and certain of the representatives of the defendant company, or between agents and representatives of the respective companies, regarding the claim in suit, after the 16th of August, 1904, the day on which the defendant in its rejoinder to the special plea claims to have terminated the efforts at adjustment. The court in its rulings as set forth in bills of exception from 1 to 8, inclusive, as shown by the able and elaborate opinion of the learned judge of the court

below (140 Fed. 718), was controlled largely by its view of the effect of the effort at compromise upon the fourteenth clause of the policy sued on; the court's view being that what had been done operated only to suspend the clause in question during the period of such efforts at adjustment, which, as averred by the defendant, terminated on the 16th day of August, 1904, and that suit should have been instituted on the policy within 30 days from that time, and that inasmuch as the correspondence and evidence sought to be introduced, as shown by said eight bills of exception, related to efforts at adjustment after the 16th day of August, such correspondence could not be introduced; it not appearing that those claiming to act for the company had authority to waive any of the conditions or provisions of the policy as shown by the sixteenth clause thereof. It is as to the first ruling of the court, and as a consequence of which its subsequent rulings were made, that we shall first pass. Section 14 of the policy of insurance is as follows:

"14. No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue. No such action shall lie unless brought within the period within which a claimant might sue the assured for damages unless at the expiry of such period there is such an action pending against the assured, in which case an action may be brought against the company by the assured within thirty days after final judgment has been rendered and satisfied as above. The company does not prejudice by this clause any defenses to such action which it may be entitled to make under this policy."

The plaintiff in error satisfied the judgment against it on the 15th day of April, 1904, and under the strict terms of clause 14 suit should have been instituted thereon within 30 days from that time, but by reason of the correspondence of the parties this period was confessedly extended from the 15th of May, 1904, until the 16th day of August, 1904; and the effect of the decision of the lower court is that what occurred operated to suspend said clause to the 16th day of August, 1904, when it was again revived and became operative for a period of 30 days, thereby requiring suit to be instituted within 30 days from the 16th of August, 1904. In this view we are unable to concur, believing that the same is neither supported by reason or authority. Clause 14 was a limitation prescribed by the contracting parties in the interest of the insurer, and which should be construed most favorably for the insured. Holladay's Adm'r v. Phœnix Ins. Co., 7 U. S. App. 325, 51 Fed. 715, 2 C. C. A. 463; Cotten v. Fidelity & Casualty Co. (C. C.) 41 Fed. 506; 2 May on Insurance (3d Ed.) § 478; 2 Wood on Fire Insurance (2d Ed.) 120.

The insurer had the right to insist on the enforcement of this special limitation, but upon departing therefrom, certainly in the absence of express stipulation to the contrary, what was done operated, not as a suspension of the clause, but a waiver thereof, and after such waiver the general statute of limitations of the state, and not the special time named in the contract, governed the parties in the enforcement of the same. The reason for this is apparent, and this case is a striking illustration of what would be the ill effect of a contrary doctrine. No one would ever know when, as to such contracts, the statute of limitations

began or ceased to run. It would not be determinable from an examination of the contract, nor from the state statute, but would depend upon an uncertain and indefinite state of facts, as to which persons might think differently, and bring about a chaotic condition, which would be exceedingly undesirable. The requirement to sue within 30 days is a stringent clause at best in contravention of the general law on the subject, and only enforcible because of the special agreement of the parties; and it is one that cannot and should not be revived by implication, if once lost; and, besides, the equities of the case would be unfavorable to the adoption of such a policy. The insurer knowing his rights under the general law could afford to waive the clause in question, in order to effect an adjustment, and the assured likewise to make or entertain such a proposition, realizing that by so doing he would forfeit nothing, and upon failure proceed by suit within the statutory period to enforce his claim. The contrary view would result in making practically impossible any effort at compromise between the parties, certainly so far as the assured is concerned. If it be suggested that the benefit of the clause, so far as securing speedy adjustment, would be lost, the answer is that at least a specific contract for revivor of the special limitation contemplated after the failure of the settlement should be had, if it is proposed to avoid the statutory limitation. This question would seem to be precluded, so far as this court is concerned, by the decisions of the Supreme Court of the United States; and certainly the decisions of two of the states of this circuit, namely, Maryland and West Virginia, are to the same effect. In Semmes v. Hartford Insurance Co., 13 Wall. 158, 20 L. Ed. 490, a 12 months' limitation in an insurance policy having expired, when it was impossible by reason of the war for the insurer to sue, the Supreme Court held that such limitation was avoided, and not merely suspended: and in an able and elaborate opinion Mr. Justice Miller distinguished between the effect of such clauses in contracts and the ordinary limitation prescribed by statute. He said:

"We are of opinion that the period of 12 months which the contract allowed the plaintiff for bringing his suit does not open and expand itself so as to receive within it three or four years of legal disability created by the war, and then close together at each end of that period, so as to complete itself, as though the war had never occurred. It is true that in regard to the limitation imposed by statute this court has held that the time may be so computed, but there the law imposes the limitation, and the law imposes the disability. It is nothing, therefore, but a necessary legal logic that the one period should be taken from the other. * * * Such is not the case as regards this contract. The defendant has made its own special and hard provision on that subject. * * * Now, this contract relates to the 12 months next succeeding the occurrence of the loss, and the court has no right, as in the case of a statute, to construe it into a number of days equal to 12 months, to be made up of the days in a period of five years in which the plaintiff could lawfully have commenced his suit. So, also, if the plaintiff shows any reason which in law rebuts the presumption, which, on the failure to sue within 12 months, is by the contract made conclusive against the validity of the claim, that presumption is not revived again by the contract. It would seem that when once rebutted fully nothing but a presumption of law, or presumption of fact, will again revive it. There is nothing in the contract which does it, and we know of no such presumption of law. Nor does the same evil consequence follow from removing absolutely the bar of the contract, that would from removing absolutely the bar of the statute; for, when the bar of the contract

is removed, there still remains the bar of the statute, and, though the plaintiff may show by his disability to sue a sufficient answer to the twelve months provided by the contract, he must still bring his suit within the reasonable time fixed by the legislative authority; that is, by the statute of limitations."

In Thompson v. Phœnix Insurance Co., 136 U. S. 287, 10 Sup. Ct. 1019, 34 L. Ed. 408, 298, Mr. Justice Harlan speaking for the court, in considering a provision of a character similar to the one under consideration said:

"While the validity of such a stipulation cannot be disputed (Riddlesbarger v. Hartford Ins. Co., 7 Wall. 386, 389, 19 L. Ed. 257), we do not doubt that it may be waived by the company, and such waiver need not be in writing. It may arise from such a course of conduct on its part as will equitably estop it from pleading the prescribed limitation in bar of the suit by the insured."

In the same case, on page 299 of 7 Wall. (19 L. Ed. 257), the learned justice further said (citing from Mickey v. Insurance Co., 35 Iowa, 174, 180, 14 Am. Rep. 494) :

"It would be contrary to justice for an insurance company to hold out the hope of an amicable adjustment of the loss, and thus delay the action of the insured, and then be permitted to plead this very delay, caused by its course of conduct, as a defense to the action when brought."

In Hartford Insurance Co. v. Unsell, 144 U. S. 439, 448, 12 Sup. Ct. 671, 36 L. Ed. 496, the Supreme Court of the United States considered the effect of a waiver of the provisions of a contract of the kind, and what constituted such waiver, and the forfeitures thereof, and quoting from the opinion of Mr. Justice Bradley, in Insurance Co. v. Norton, 96 U. S. 234, 24 L. Ed. 689, said:

"We have recently in the case of Insurance Co. v. Norton, 96 U. S. 234, 24 L. Ed. 689, shown that forfeitures are not favored in the law; and the courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture, or any agreement to do so on which the party has relied and acted. Any agreement, declaration, or course of action on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture."

And in the further progress of the opinion, on page 450 of 144 U. S. page 674 of 12 Sup. Ct. (36 L. Ed. 496), the court said:

"It is always open for the insured to show a waiver of the condition or a course of conduct on the part of the insurer which gave him just and reasonable ground to infer that a forfeiture would not be exacted. But it must be a just and reasonable ground, one on which the insured has a right to rely."

The case of Semmes v. Insurance Co., supra, was followed by the Court of Appeals of Maryland in Earnshaw v. Sun Mutual Aid Society, 68 Md. 465, 475, 12 Atl. 884, 6 Am. St. Rep. 460, and by the Supreme Court of Appeals of West Virginia, in Galloway v. Standard Fire Ins. Co. (W. Va.) 31 S. E. 969, 971. To the same effect is Insurance Co. v. Baker, 153 Ill. 240, 38 N. E. 627; Eliot Nat. Bank v. Beale, 141 Mass. 566, 570, 6 N. E. 742; Jackson v. Fidelity &

Casualty Co. of N. Y., 41 U. S. App. 552, 562, 75 Fed. 365, 21 C. C. A. 394.

A further citation of authority is not deemed necessary, as we feel not only bound by those given, but are convinced of the soundness of the rule adopted, as well as the justice of the conclusions that flow therefrom. Many of the authorities upon each side of the question will be found in the interesting discussion of the subject in the lower court's opinion, to which we refer (140 Fed. 718, supra).

The rulings of the court as set forth in the bills of exception Nos. 1 to 8, inclusive, may doubtless have been correct under the court's view of the suspension, as distinguished from the waiver of clause 14 of the policy, as the parties to the correspondence on behalf of the defendant in error may not have had authority to waive any of the provisions of the policy, including the extension of the time under which suit might be instituted; but if the suspension was not a practical question, the clause having been previously waived by the course of conduct of the defendant company respecting the same, then manifestly the letters sought to be introduced should have been admitted as a part of and along with the other correspondence between the parties, or their agents, as to the adjustment of the claim. The rejected letters consisted of certain correspondence between the plaintiff and the local and state agents of the defendant, and between said agents themselves, regarding the adjustment of the claim in suit and which was a mere continuation of the same adjustment admitted to have been under consideration for 90 days, after the 30-day limitation under which suit might be brought had expired. These letters, together with the explanation of the circumstances under which and why they were written, should have gone to the jury along with the other communications had between the parties upon the issues joined, and it cannot be said that the plaintiff may not have been prejudiced because of such failure. Boston & Albany R. R. Co. v. O'Rielly, 158 U. S. 334, 337, 15 Sup. Ct. 830, 39 L. Ed. 1006, and cases cited; Resurrection Gold Mining Co. v. Fortune Gold Mining Co., 64 C. C. A. 180, 189, 129 Fed. 668.

The objections to the rulings of the trial court, as shown by bills of exception 9 and 10, appear not to be well taken, and certainly in a subsequent trial the questions therein raised will become immaterial.

It follows from what has been said that the action of the lower court should be reversed, with costs, and the case remanded thereto, with directions to award a new trial, the same to be had in accordance with the views herein expressed.

Reversed.