## CONTINENTAL CASUALTY COMPANY *v.* HUNT.

[No. 7,979.   Filed April 18, 1913.   Rehearing denied June
24, 1913.]

1. INSURANCE.—*Conditions.—Proofs of Death.—Time for Bringing
Suit.—Waiver.*—Where an insurance company, after twice re-
ceiving notice of the death of the insured, wrote the beneficiary
that the policy would be paid as soon as the company could take
action on it, and that litigation would only complicate matters,
it thereby waived conditions in the policy requiring the proofs
of death to be made on blanks furnished by the company, and
limiting the time for suing thereon.   p. 657.

From Gibson Circuit Court; *Herdis F. Clements,* Judge.

Action by Clarie Hunt against the Continental Casualty
Company.   From a judgment for plaintiff, the defendant
appeals.   *Affirmed.*

*Henry Kister, Manton Maverick* and *M. P. Cornelius,* for
appellant.

*D. W. Duncan,* for appellee.

ADAMS, J.—Appellant issued a policy of insurance to one
George H. Hunt, wherein it agreed to pay to the wife of
said Hunt, appellee herein, the sum of $300, should the
insured meet with an accident, resulting in his death within
ninety days thereafter.   George H. Hunt paid a member-
ship fee, and made monthly payments of $1.50 up to and
including the month in which he was killed.   During the
summer of 1906, the insured was a night watchman at a
mill near Crenshaw, Mississippi.   On the night of July 17,
1906, he fell from a foot bridge, and suffered injuries from
which he died ten days later.

It is conceded that notice of the accident was not
1.  given as provided in the policy, and that suit was not
commenced within the time stipulated in the policy.
The case, therefore, turns on whether appellant waived
these conditions.   There is evidence tending to show that

within ten days after the death of the insured, the local agent of appellant at Princeton, Indiana, the agent who secured the contract, was notified of the death of George H. Hunt, and of the circumstances attending the same; that said agent informed the person representing appellee that the money would be paid in a few days. It is also shown by the evidence that a notice in writing was sent to appellant on August 8, 1906, and received at the Chicago office of appellant on August 10, 1906, but such notice was not on the blank forms provided by the company for such purposes, and said notice did not conform to the requirements of the company in a case of death by accident. It does appear, however, by ample evidence, that on August 24, 1906,, appellant, by one L. E. Brown, superintendent of the claim department, wrote a letter to appellee, stating that the claim would be paid without litigation, and would be paid as soon as the company could take action on it; that on December 27, 1906, a second letter was written by appellant, signed by the same officer, wherein appellee was again advised that the claim would be paid; that litigation would only complicate matters, and that payment would be made as soon as the company could take action. It is well settled that a stipulation in an insurance policy, relating to the time within which action must be brought is for the benefit of the company, and, therefore, may be waived by the company. *Caywood* v. *Supreme Lodge, etc.* (1908), 171 Ind. 410, 413, 86 N. E. 482, 23 L. R. A. (N. S.) 304, 131 Am. St. 253, 17 Ann. Cas. 503, and cases cited. The same rule applies to a stipulation in regard to the time within which the proofs required must be made. *National Masonic, etc., Assn.* v. *McBride* (1904), 162 Ind. 379, 381, 70 N. E. 483, and cases cited. The obvious purpose of an insurance company in requiring the submission of formal proofs of death is for the protection of the company in the payment of claims. In this case, the company, by its agreement to pay, waived further proofs of death,

and, by the request not to bring suit, waived the provision as to the time in which suit should be brought.

The judgment is affirmed.

NOTE.—Reported in 101 N. E. 519. See, also, 25 Cyc. 885, 912. As to waiver of forfeiture by requiring further proof of loss, see 9 Am. St. 236.