CONTINENTAL INSURANCE COMPANY v. THORNBURG.

[No. 20,294. Filed September 6, 1966. Rehearing denied October 10, 1966. Transfer denied November 1, 1967.]

*Bamberger, Foreman, Oswald and Hahn,* of Evansville, for appellant.

*Sydney L. Berger,* of Evansville, for appellee.

FAULCONER, J.—This action was brought by appellee against appellant to recover damages for the alleged breach of an insurance contract whereby appellant had undertaken to insure, against certain perils, a one-story seasonal dwelling owned by appellee. Appellee recovered a judgment against appellant for damage to said dwelling and its contents allegedly destroyed by windstorm.

The overruling of its motion for new trial is the only error properly asigned by appellant on this appeal.

Although appellant argues each specification of its motion for new trial, the main argument advanced throughout is the court's finding and conclusion that appellant had waived, or was estopped from enforcing that provision of the insurance contract providing:

> "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

The trial court, without the intervention of a jury, entered the following findings of fact and conclusions of law.

## "FINDINGS OF FACT.

"1. At all times material and relevant to the issues herein, the defendant Continental Insurance Company was an insurance company duly admitted to do business and issue insurance policies in the State of Indiana.

"2. At all times material and relevant to the issues herein, there was in full force and effect an insurance policy No. IND 41 576, which defendant insurance company had issued and delivered to the plaintiffs in consideration of the premiums therein provided for which was paid by plain-

tiff to defendant, insuring a one family dwelling in Posey County, Indiana, and personal property contents therein, all owned by plaintiff, James Thornburg, against damage due to the perils of windstorm. Said insurance policy was marked 'Exhibit A' to plaintiff's first amended complaint, and was introduced into evidence at the trial of this cause as Plaintiff's Exhibit 1, and is hereby made a part of this Findings of Fact by reference.

"3. Said one-story, approved roof, frame, one-family, seasonal dwelling and personal property located therein, all in Posey County, Indiana, were damaged by windstorm in April, 1960.

"4. Said damage and loss fell within the purview of said insurance policy.

"5. The amount of said damage and loss to said property, resulting from windstorm, was $1,000.00 on the one-story frame dwelling, and $50.00 on the personal property therein.

"6. Said loss and damage was covered by said insurance policy to the extent of $800.00 on the said one-story, frame seasonal dwelling, and $50.00 on the said personal property.

"7. The plaintiff, James Thornburg gave immediate notice of said loss after discovery of same to defendant by giving said notice to its agent on or about April 18, 1960.

"8. On June 16th, 1960, the attorney for the plaintiff wrote to the defendant on behalf of the plaintiff, stating that suit would be filed against it by plaintiff within ten days unless defendant fulfilled its contractual obligation to pay said loss. The expiration of said ten day period was less than twelve (12) months following said loss. Said letter was introduced into evidence at the trial as Plaintiff's Exhibit 14 and is hereby made a part of this Findings of Fact by reference.

"9. On June 28th, 1960, the defendant wrote in reply to said attorney for the plaintiff, and stated as follows: 'In reply to your letter of June 16, this claim was investigated by our adjuster, the Western Adjustment and Inspection Company at Evansville, Indiana, and we are asking our adjuster to contact you and to review this claim with you.'

"10. In reliance upon said letter, plaintiff withheld the filing of the suit herein, which he had intended to file, as set forth in Special Findings of Fact No. 8.

"11. By its said letter of June 28th, 1960, the defendant waived that provision of said insurance policy which

stated that suit should be commenced within twelve months next after inception of loss.

"12. Plaintiff has used all reasonable means to save and preserve said property and has complied with all conditions and obligations imposed upon him by the terms of the policy sued on herein, except such as have been waived by the defendant.

"13. No part of said loss has been paid by the defendant.

"14. Said sum of $850.00 is now due and owing to the plaintiff from the defendant under said insurance policy.

### "CONCLUSIONS OF LAW.

"1. The law is with the plaintiff, James Thornburg, and against the defendant Continental Insurance Company.

"2. The plaintiff has done and performed all the terms and condition of the policy of insurance which is the basis of this action, except such terms and conditions as have been waived by the defendant.

"3. The plaintiff is entitled to recover on the policy in suit from the defendant in this action the sum of $850.00.

"4. The plaintiff is entitled to recover of and from the defendant his costs herein laid out and expended."

There is no dispute here concerning the loss, the amount thereof, or the contents of the letters. Whether the evidence amounts to, and, therefore, supports the finding of, waiver, is the sole issue raised in this appeal.

It is well settled in Indiana that a contractual limitation requiring suit to be brought within a prescribed period of time is valid. *Cagwood* v. *Supreme Lodge, etc.* (1908), 171 Ind. 410, 412, 86 N. E. 482, 23 L.R.A. (N.S.), 304, 131 Am. St. Rep. 253. 16 Ind. Law Encyc., *Insurance,* § 407, p. 511.

The limitation period, however, like other contractual provisions, may be waived or the insurer may be estopped from asserting or relying upon the provision. *Grant* v. *The Lexington Fire, Life and Marine Insurance Company* (1854), 5 Ind. 23, 26, 61 Am. Dec. 74; *American Income Ins. Co.* v. *Kindlesparker* (1942), 110 Ind. App. 517,

527-528, 37 N.E. 2d 304 (Transfer denied); *Continental Casualty Company* v. *Hunt* (1913), 53 Ind. App. 657, 658, 101 N.E. 519.

"[A] waiver on the part of an insurance company to avail itself of its right to assert a forfeiture or avoidance of the policy by reason of the insured's breach of a condition of the policy must be established by a preponderance of the evidence, . . ." 16 Ind. Law Encyc., *Insurance,* § 453, p. 559.

"To constitute a waiver, however, the words or conduct of the insurer must be inconsistent with an intention to rely on the requirements of the policy and be calculated to lead insured into the belief that those requirements will not be insisted on." 16 Ind. Law Encyc., *Insurance,* § 337, p. 464; § 268, p. 366.

The conduct or acts on the part of the insurer or its authorized agents must be sufficient to justify a reasonable belief on the part of the insured that the company will not insist on a compliance with the policy provisions. 16 Ind. Law Encyc., *Insurance,* § 268, p. 363.

"There is a technical difference between a waiver and estoppel in the law of insurance, in that a waiver of a breach of condition does not require the insurer to do anything to the disadvantage of the insured, and is an intentional relinquishment of a known right, whereas to constitute an estoppel it must appear that the insured by the act of the insurance company has been in some manner misled to his prejudice. However, the distinction between estoppel and implied waiver is not easy to preserve, and quite commonly the courts have found it unnecessary or inadvisable to make a distinction between them and have used the terms interchangeably." 16 Ind. Law Encyc., *Insurance,* § 261, p. 350.

"Unless the intent of the insurer to insist on the forfeiture is clear, the courts, being loath to enforce a forfeiture, are prompt to seize on any circumstances which indicate a waiver on the part of the insurer." 16 Ind. Law Ency., *Insurance,* § 261, p. 349.

While forfeitures of insurance policies are not looked upon with favor, yet they must be enforced unless insurer's con-

duct gives a reasonable excuse for insured's default. ■ *Farmers', etc., Assn.* v. *Mason* (1917), 65 Ind. App. 66, 91, 116 N.E. 852.

The undisputed evidence shows that the damage was sustained in April, 1960; the meeting between the company's adjuster and insurer took place on April 30, 1960; the letter from insured's attorney was written June 16, 1960, demanding payment by the insurer; and that the insurer, on June 28, 1960, wrote a letter replying to the letter written by the attorney for the insured, stating that,

> "In reply to your letter of June 16, this claim was investigated by our adjuster, the Western Adjustment and Inspection Company at Evansville, Indiana, and we are asking our adjuster to contact you and to review this claim with you."

Although appellee did not produce evidence of the exact time he was thereafter contacted, appellant's adjuster testified that the insured and his attorney came to the adjuster's office in Evansville on September 12, 1960, where they discussed appellee's claim.

We are of the opinion that the evidence is sufficient to sustain the findings of the trial court that appellant, by its letter of June 28, 1960, waived the policy provision ■ limiting the time within which to bring suit, and that in reliance upon said letter appellee withheld the filing of suit. Although the evidence is unclear and somewhat conflicting as to what was definitely stated and concluded at the meeting on September 12, 1960, the evidence is undisputed that neither appellee nor his attorney were ever contacted by the insurer (appellant) or its adjuster thereafter, nor did the appellant correspond with appellee or his attorney regarding its conclusions or decision after its letter of June 28, 1960.

We need not, however, determine the effect of the meeting of September 12, 1960, because we are of the opinion that

appellee did withhold, and was justified in withholding, ██ the filing of suit in reliance upon insurer's letter of June 28, 1960, as found by the trial court. It would certainly be unjust and inequitable to say that, at least during the period from June 28, 1960, to September 12, 1960, appellant was not estopped from enforcing this provision of its policy. Certainly the principles of equity would require that during such period—at least—this provision of the policy was, at a minimum, suspended. By requesting appellee to refrain from filing suit while the company's adjuster reviewed the claim, which is the only reasonable interpretation which can be placed upon the letter of June 28, 1960, and then maintaining that the time specified in the limitation provision continued to run, is equivalent, in our opinion, to the insurer (appellant) "having its cake and eating it too!"

We are of the opinion that since suit was filed on May 26, 1961, which would have been less than 60 days more than a year after the loss, even if we assumed the loss occurred on April 1, 1960, and since the evidence shows that the meeting took place no earlier than September 12, 1960, which is more than 60 days after the insurer's letter of June 28, 1960, this suit was timely filed under the terms of the insurance policy here before us and the circumstances of this cause.

We are aware of the following statement in *American Income Ins. Co.* v. *Kindlesparker, supra* (1942), 110 Ind. App. 517, at pages 528-529, 37 N.E. 2d 304 (Transfer denied), and cited by appellant:

"By this agreement to pay, the appellant has waived further proofs of loss, and by the request not to bring suit on the additional claims, the appellant waived the provision of the policy, as to the time in which such suit should be brought. *Continental Casuality Co.* v. *Hunt* (1913), 53 Ind. App. 657, 101 N. E. 519. These rights, having been waived by the appellant, are gone forever; and the appellant cannot now assert these rights as a defense to this action. *Farmers, etc., Assn.* v. *Mason* (1917), 65 Ind. App. 66, 116 N. E. 852; *Illinois Live Stock Ins. Co.* v. *Baker* (1894), 153 Ill. 240, 38 N. E. 627."

We find it unnecessary, however, to this decision, under the facts of this cause, to determine, as a matter of law, whether or not the "time for bringing suit" provision of the policy could have been later revived, or whether it was lost forever, and if it could have been revived, whether the evidence surrounding the meeting of September 12, 1960, would have had such an effect. For an informative discussion of these questions see: Annot., 29 A.L.R. 2d 646 (1953).

We conclude that the facts found by the trial court are sustained by the evidence in the record before us, and support the conclusions of law entered thereon; and that the decision of the trial court is sustained by sufficient evidence and is not contrary to law.

No reversible error having been shown, the judgment of the trial court is affirmed.

Judgment affirmed.

Wickens, P. J., Carson and Prime, JJ. concur.

NOTE.—Reported in 219 N. E. 2d 450.