328 N.E.2d 430 (1975)
Margaret HUFF, Plaintiff-Appellant,
v.
TRAVELERS INDEMNITY COMPANY, Defendant-Appellee.
No. 3-1173A149.
Court of Appeals of Indiana, Third District.
May 27, 1975.
*432 Harry V. Huffman, Linton, Bobby J. Small, Indianapolis, for plaintiff-appellant.
Timothy W. Woods, South Bend, for defendant-appellee.
STATON, Presiding Judge.
The water pipes froze and burst in Margaret L. Huff's vacant house, which she had placed on the market for sale. The floors and heating system of the house were damaged, and she brought an action for damages based upon her homeowner's insurance policy with Travelers Indemnity Company. A jury returned a verdict in her favor for Six Thousand Dollars ($6,000.00). Travelers filed its motion to correct errors which included a motion for judgment on the evidence pursuant to Indiana Rules of Procedure, Trial Rule 50(A)(4). The trial court granted Travelers' motion and entered judgment for Travelers. Huff's appeal raises these questions on appeal:
Issue One: Did the trial court err in entering judgment on the evidence?
Issue Two: Did the trial court err in granting Travelers' motion to amend its answer?
We conclude that the trial court did not err when it entered judgment on the evidence in favor of Travelers and that the trial court did not err when it granted Travelers' motion to amend its answer. We affirm the trial court's judgment.

I.

Standards of Review
Pursuant to TR. 50(A)(4), Travelers made a motion for judgment on the evidence in its motion to correct errors which was granted by the trial court. When a motion for judgment on the evidence is made after the jury's verdict as part of a motion to correct errors, the trial court's ruling regarding the propriety of the motion is governed by Indiana Rules of Procedure, Trial Rule 59. When sufficiency of the evidence supporting a jury's verdict is challenged in a motion to correct errors pursuant to TR. 50(A)(4), TR. 59(E)(7) provides:
"(7) In reviewing the evidence, the court ... shall enter judgment, subject *433 to the provisions herein, if the court determines that the verdict of a nonadvisory jury is clearly erroneous as contrary to or not supported by the evidence... . In its order correcting error the court shall direct final judgment to be entered or shall correct the error without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; ... If corrective relief is granted, the court shall specify the general reasons therefor... ."
When a TR. 50 motion is made after the jury's verdict, the standard of review applied by the trial court is different from the standard of review applied before the jury's verdict. Before the jury's verdict, the trial court must view the evidence together with all the fair, rational inferences therefrom which are in favor of the non-moving party. Smith v. Chesapeake and Ohio Railroad Co. (1974), Ind. App., 311 N.E.2d 462; Memorial Hospital of South Bend v. Scott (1972), Ind. App., 290 N.E.2d 80 (transfer granted on other grounds at 300 N.E.2d 50). The trial court should not grant the motion for judgment on the evidence unless there is a total absence of evidence or reasonable inference therefrom on at least one essential element of the non-moving party's case. Miller v. Griesel (1974), Ind., 308 N.E.2d 701; Mamula v. Ford Motor Company (1971), Ind. App., 275 N.E.2d 849. But see, Galbreath v. City of Logansport (1972), Ind. App., 279 N.E.2d 578.
The TR. 59 "clearly erroneous as contrary to or not supported by the evidence" standard of review goes a step beyond the TR. 50 "clearly erroneous as contrary to the evidence because the evidence is insufficient to support it" standard of review. Of course, if the trial court determines that there is a total absence of evidence supporting a necessary element of plaintiff's case when sufficiency of the evidence is raised after the jury's verdict, it should enter judgment for the defendant. The verdict would be clearly contrary to the evidence. On the other hand, when there is some evidence to support the jury's verdict, the trial court must determine if the jury's verdict is supported by sufficient evidence without weighing the evidence or judging the credibility of the witnesses. This is the same standard used by the Court of Appeals when sufficiency of the evidence is raised on appeal. This standard is a review of the evidence most favorable to the non-moving party together with any reasonable inferences which can be drawn therefrom to determine whether the jury's verdict is sustained by substantial evidence of probative value on each essential element of the claim.
Once the trial court determines that the jury's verdict is "clearly erroneous as contrary to or not supported by the evidence", it must enter judgment on the evidence unless "such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper." In the alternative, if the trial court determines that there is substantial evidence of probative value to support each essential element of the claim, a further consideration is required.[1] The trial court must consider whether the jury's verdict is against the weight of the evidence, which requires a weighing of the evidence by the trial court setting out the supporting and opposing evidence. Memorial Hospital of South Bend, Inc. v. Scott (1973), Ind., 300 N.E.2d 50. If the verdict is against the weight of the *434 evidence, the trial court must grant a new trial.
Several reasons were given by the trial court when it granted Traveler's motion for judgment on the evidence.[2] This opinion is limited to the following reason:[3]
"B. The evidence established without contradiction that the suit on the insurance contract was not instituted within twelve (12) months after the loss as provided by the contract of insurance, and there was no evidence introduced at the trial tending to show that the defendant waived this provision."
The question before us on appeal is whether there was a lack of substantial evidence of probative value on the waiver of the twelve month provision by Travelers.

II.

One Year Limitation
Viewing the evidence most favorable to Huff, we conclude that the trial court correctly entered judgment in favor of Travelers because "[t]he evidence established without contradiction that the suit on the insurance contract was not instituted within twelve (12) months after the loss as provided by the contract of insurance, and there was no evidence introduced at the trial tending to show that the defendant waived this provision."[4]
The insurance policy relied upon by Huff contains the following provision:
"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." [Our emphasis]
It is not disputed that Huff did not comply with the twelve month provision. The damage to Huff's house from the frozen pipes occurred in February 1970, and Huff did not file her complaint against Travelers until February 28, 1972. However, Huff contends that Travelers waived the twelve month provision and further contends that Travelers is estopped to assert it.
There is no evidence of an express waiver of the twelve month limitation in the record. Recognizing the difficulty of distinguishing between conduct by an insurance company which amounts to an implied waiver or gives rise to an estoppel, this Court stated:
"... Technically, there is a distinction between `waiver' and `estoppel.' *435 A waiver is an intentional relinquishment of a known right and is a voluntary act, while the elements of estoppel are the misleading of a party entitled to rely on the acts or statements in question and a consequent change of position to his detriment. But in the law of insurance, the distinction between `estoppel' and `implied waiver' is not easy to preserve, and, quite commonly, in insurance cases, the courts have found it unnecessary or inadvisable to make a distinction between them and have used the terms interchangeably. The doctrines of `waiver' and `estoppel' extend to practically every ground upon which an insurer may deny liability... ." Travelers Insurance Co. v. Eviston (1941), 110 Ind. App. 143, 154, 37 N.E.2d 310.
The conduct of Travelers does not establish an intentional relinquishment of a known right or an attempt to mislead Huff or her husband to their detriment. There is no evidence that prior to the running of the twelve month period, Travelers or its agent lulled Huff into the belief that the twelve month period would not be insisted upon. Cf. Marcum v. Richmond Auto Parts Co. (1971), 149 Ind. App. 120, 270 N.E.2d 884; see, Continental Ins. Co. v. Thornburg (1966), 141 Ind. App. 554, 219 N.E.2d 450. There were no promises of payments nor requests not to bring suit as in the case of Continental Casualty Co. v. Hunt (1913), 53 Ind. App. 657, 101 N.E. 519. Finally, we cannot say that the conduct of Travelers after the twelve month period had run constituted an implied waiver of Travelers' right to insist upon the twelve month provision. The fact that Travelers denied liability after the twelve month period had run for the reason that "they were not notified of the claim at the time of loss" was not an implied waiver of any other grounds Travelers might have for denying coverage. See Union Assurance Society, Ltd. v. Reneer (1927), 86 Ind. App. 240, 156 N.E. 833. Huff's reliance upon Replogle v. The American Ins. Co. (1892), 132 Ind. 360, 31 N.E. 947 is misplaced. The Supreme Court of Indiana in Replogle, supra, 132 Ind. 366, 31 N.E. 947, quoting Titus v. Glens Falls Ins. Co., 81 N.Y. 410, stated:
"`When there has been a breach of a condition contained in an insurance policy, the insurance company may or may not take advantage of such breach and claim a forfeiture. It may, consulting its own interest, choose to waive the forfeiture, and this it may do by express language to that effect, or by acts from which an intention to waive may be inferred, or from which a waiver follows as a legal result. A waiver can not be inferred from its mere silence. It is not obliged to do or say anything to make the forfeiture effectual. It may wait until claim is made under the policy, and then, in denial thereof, or in defence of a suit commenced therefor, allege the forfeiture. But it may be asserted broadly that if, in any negotiations or transactions with the insured, after knowledge of the forfeiture, it recognizes the continued validity of the policy, or does acts based thereon, or requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is as matter of law waived; ...'"
The validity of the policy is not at issue in this case as it was in Replogle. As to the claim against the policy, Travelers did not recognize the validity of Huff's claim after the twelve month period had expired. The request for information by Travelers after the twelve month period had run, standing alone, is not sufficient evidence of an intentional relinquishment of the twelve month provision. Viewing the evidence most favorable to Huff and the reasonable inferences therefrom, we cannot say that there was sufficient evidence to support the finding of an implied waiver of the twelve month provision, and therefore, the trial court correctly entered judgment for Travelers.

*436 III.

Amended Answer
On April 2, 1973, Travelers filed a motion to amend its answer to assert the twelve month provision as an affirmative defense under Indiana Rules of Procedure, Trial Rule 15(A). This motion to amend was granted by leave of the trial court on April 21, 1973, which was more than a month prior to the trial.[5] Our review is limited to an abuse of discretion by the trial court. Selvia v. Reitmeyer (1973), Ind. App., 295 N.E.2d 869.
Huff contends that the trial court abused its discretion in allowing Travelers to amend its answer. Huff's husband died after the original answer was filed. Huff contends that the amended answer prejudices her case, since there was a loss of vital evidence which was only known to her husband.
It has been the policy of Indiana law to freely allow the amendment of pleadings to bring all matters at issue before the court. Higgins v. Swygman (1923), 194 Ind. 1, 141 N.E. 788; Oppenheimer v. Craft (1961), 132 Ind. App. 452, 175 N.E.2d 715; Selvia v. Reitmeyer, supra. Except for the bare assertion in Huff's brief that she was prejudiced by the granting of the motion to amend by the loss of evidence, the record discloses no objection to the motion to amend. The time for asserting this type of prejudice is at the trial court level; it comes too late on appeal. See Oppenheimer v. Craft, supra, 132 Ind. App. at 460, 175 N.E.2d 715. The trial court did not abuse its discretion in allowing Travelers to amend its answer.
The trial court's judgment is affirmed.
GARRARD and HOFFMAN, JJ., concur.
NOTES
[1] The reason that the trial court should make the "clearly erroneous as contrary to or not supported by the evidence" determination first is that its task of reviewing the evidence most favorable to the non-moving party is a much simpler task than weighing the evidence. Once the trial judge determines that there is no evidence or a lack of substantial evidence to support the jury's verdict, it never has to reach the more difficult question of whether the jury's verdict is against the weight of the evidence.
[2] Only if a new trial is granted must the trial court make special findings. Lake Mortgage Co., Inc. v. Federal Nat. Mtg. Ass'n. (1975), Ind., 321 N.E.2d 556. If the trial court enters judgment on the evidence, it need only specify the general reasons therefor as the trial court correctly and carefully did in this case.
[3] The other reasons given by the trial court are:

"2. The defendant, Travelers Indemnity Company, is entitled to judgment on the evidence in that the verdict of the jury in favor of the plaintiff, Margaret L. Huff, and against the defendant, Travelers Indemnity Company, is clearly erroneous as contrary to and not supported by the evidence upon all necessary elements of the plaintiff's claim and is contrary to the evidence and law in following particulars:
A. The evidence established without contradiction that the insurance policy in question did not cover the plaintiff's loss and at the time of the loss, the risk was on the plaintiff.
* * * * *
C. The evidenced completely failed to establish that the insureds complied with any of the conditions subsequent of the contract of insurance after the loss had occurred, or that these conditions were waived by the defendant company."
[4] Since failure of sufficient evidence on this point is determinative, we will not discuss the sufficiency of the evidence to support the other determinations made by the trial court.
[5] Under TR. 15(A) Travelers could have amended its answer once as a matter of right within 30 days after the first answer was served. However, Travelers did not file its motion to amend until almost one year after the filing of its first answer.