## PHILADELPHIA CASUALTY CO. v. THACHER.

(Circuit Court of Appeals, First Circuit.   October 3, 1916.)

### No. 1192.

1. INSURANCE ⚍623(3)—INDEMNITY INSURANCE—AGREEMENTS.

   A credit indemnity bond or policy issued by defendant provided that all actions at law or equity should be barred if commenced later than one year after the policy's termination. Plaintiff made claim for a loss on the account of a bankrupt, and after termination defendant replied, stating that it was impossible at that time to ascertain whether any loss would be suffered, and that, should loss occur on final termination of the bankruptcy proceedings, the matter would be adjusted. After some other correspondence, plaintiff proposed arbitration, and referred the matter to his counsel, who wrote defendant, mentioning the expense and trouble of arbitration, and suggesting that, as time would determine the exact amount of the loss, the parties should simply await the result of the bankruptcy proceedings. Defendant replied, agreeing with the suggestion that it was better to let the matter take its course than to go into arbitration. *Held*, that defendant accepted the proposal of plaintiff's counsel that the amount of the loss should be determined by the result of the bankruptcy proceedings, and waived the provision in the bond or policy limiting the right of action to one year after expiration.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1553; Dec. Dig. ⚍623(3).]

---

⚍For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. APPEAL AND ERROR ⬤⟿1062(4)—REVIEW—HARMLESS ERROR.
     Where the jury by their special finding showed that they correctly interpreted written correspondence passing between the parties, the erroneous submission of the matter was harmless.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4215–4217; Dec. Dig. ⬤⟿1062(4).]

3. INSURANCE ⬤⟿623(1)—INDEMNITY INSURANCE—LIMITATION OF ACTIONS—WAIVER.
     Where an indemnity credit policy or bond provided a limitation of one year upon any actions on the same, the limitation, being for the benefit of the company, may be waived.
     [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1551; Dec. Dig. ⬤⟿623(1).]

4. INSURANCE ⬤⟿622(4)—INDEMNITY INSURANCE—LIMITATION OF ACTIONS—RUNNING OF STATUTE.
     A credit indemnity policy, providing a one-year limitation after expiration in which to sue, provided that adjustment should be made by taking into calculation the actual irrecoverable loss. Proof of loss was filed on the expiration of the policy, but the matter was not adjusted within 40 days, nor was payment made within 50 days, as provided; instead, the insurer agreed that the matter should be held in abeyance until the termination of the bankruptcy proceeding, which would determine the actual amount of the loss. *Held* that, where suit was begun within six years after the making of the agreement to await termination of the bankruptcy proceeding, it cannot be defeated on the ground that limitations began to run within 50 days after proof of loss was filed, on the theory that such date marked the accrual of the cause of action, for the agreement was inconsistent therewith.
     [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1547; Dec. Dig. ⬤⟿622(4).]

In Error to the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Jr., Judge.

Action by Thomas C. Thacher against the Philadelphia Casualty Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Edmund K. Arnold, of Boston, Mass. (Peabody, Arnold, Batchelder & Luther, of Boston, Mass., on the brief), for appellant.

Howard W. Brown, of Boston, Mass. (Davis, Peabody & Brown, of Boston, Mass., on the brief), for appellee.

Before PUTNAM and DODGE, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. This is a writ of error for review of the rulings of the District Court in an action of contract in which the verdict was for the plaintiff, now defendant in error.

The action was brought to recover for losses on merchandise accounts covered by a credit indemnity bond or policy issued by the plaintiff in error. The bond contained the following provision:

"All actions or proceedings at law or equity upon this bond shall be barred if commenced later than one year after the termination hereof"

—that is to say, within one year after December 31, 1907, the date of the termination of the period of the policy.

On February 17, 1908, a letter (Exhibit 8), was written by the Casualty Company to the plaintiff, in which the company stated concerning the claim for loss on the account of Alexander Crow, Jr., who was in bankruptcy:

"It is impossible at this time to state as to whether you will have a loss on this claim or not. So far as the information we have been able to gather goes, there will be no loss on this claim. We, however, hereby guarantee that, should you have a loss on this claim at the final termination thereof, we will adjust same and pay you what may be due you thereon in the same manner and upon the same conditions as if the loss had been ascertained on the claim during the life of your policy. And when such final termination has taken place, and should you have a loss thereon, kindly notify us, so that we may take same up with you at once. As explained to your Mr. Thacher, under the terms of the policy we are only liable for the 'irrecoverable' loss on a claim, and it is impossible for you or for us to say now whether there is any part of this irrecoverable or not, and it is therefore necessary to ascertain whether there will be a loss on this claim, and even so you are saved harmless by this writing, as we will adjust it at such time."

[1] On April 23, 1908, after other correspondence, the plaintiff, by letter, made various proposals, including a proposition to submit the matter to arbitration. By letter of May 18, 1908, plaintiff's proposition to submit the question in dispute to arbitration was assented to, and it was suggested that the plaintiff have a form of agreement drawn up and forwarded to the company. The plaintiff referred this suggestion to his counsel, Robert D. Weston, Esq., who, on October 15, 1908, wrote a letter referring to the expense and trouble of arbitration, and saying, "Time will determine the exact amount of the loss," and concluding:

"I therefore propose that, instead of making an agreement to submit to arbitration, we simply await the result of the bankruptcy proceedings."

By letter of October 26, 1908, the company acknowledged the receipt of Weston's letter, and replied:

"I believe with you that it is better to allow the matter to take its course than to go into an arbitration."

We think there is no doubt that this language amounts to an acceptance of the proposal of the letter of October 15th, that, instead of making an agreement to submit to arbitration, the parties should simply await the result of the Crow bankruptcy proceedings as the best method of determining the exact amount of the plaintiff's loss and of the company's liability.

The defendant's contention that the letter of October 15th was a withdrawal of the proposition for an arbitration, and that the defendant by the expression, "allow the matter to take its course," meant that the parties should stand upon their respective rights and liabilities as defined in the bond itself, including the limitation of one year for bringing suit, we regard as manifestly unsound.

The plaintiff's letter was not a withdrawal of the proposition for an arbitration, but a proposal of an alternative; i. e., to await the result

of the bankruptcy proceedings as a less troublesome, less expensive, and better method.

[2] The expression, "I believe with you," is ignored by the defendant; but this, in connection with the further expression, "that it is better to allow the matter to take its course than to go into arbitration," shows conclusively that the defendant assented to the alternative method proposed, and meant by the words, "allow the matter to take its course," to allow the bankruptcy proceedings to take their course and await the result. We think there is no other reasonable interpretation to be placed upon the correspondence. The jury made a special finding on this point. The following question was submitted:

"Did the parties substitute for the first agreement covering the year 1907 a new one under which the adjustment of the loss was not to be taken up until the final liquidation of Alexander Crow's estate in bankruptcy?"

The jury answered, "Yes."

This finding was correct, and it therefore becomes unnecessary to consider the sixteenth and seventeenth assignments of error, which raise the point that the court erred in leaving to the jury the construction of the documentary evidence. Without deciding that there was even technical error in this respect, it is enough to say that, if there was error, it was harmless.

[3] The contractual limitation for bringing suit was thus abrogated by agreement. It was a provision for the protection of the company, which it could waive, and did waive by its consent to awaiting the result of the bankruptcy proceedings. In view, especially, of that portion of its letter of February 17, 1908, which we have above quoted, we must regard this defense as unmeritorious.

The one year's contractual limitation was thus entirely abrogated, and not merely suspended. Lynchburg Cotton Mill Co. v. Travelers' Ins. Co. of Hartford, Conn., 149 Fed. 954, 79 C. C. A. 464. See also 9 L. R. A. (N. S.) 659.

[4] There remains the question whether the claim was barred by the Massachusetts statute of limitations, which fixes the period at six years.

The agreement to await the result of the bankruptcy proceedings was completed on October 26, 1908. The result of the bankruptcy proceedings was determined by the payment of the final dividend on January 18, 1913. The present suit was brought on April 4, 1914, less than six years after either date.

The defendant, now plaintiff in error, contends that the cause of action accrued not later than February 19, 1908, since the proof of loss was filed December 31, 1907, and the bond provided that the loss be adjusted within 40 days after its receipt, and paid within 10 days thereafter. But this contention is unsound, since the bond also provided that the adjustment should be made by taking into the calculation the "actual irrecoverable loss." It was the contention of the company that it was impossible to do this that led to the agreement to await the result of bankruptcy. This was so directly inconsistent with the requirement in the bond of an adjustment within 40 days of

proof of loss, and payment within 10 days thereafter, that the insured could not charge the company with a breach of contract for failure to pay until after the happening of what had been agreed upon as a condition precedent to adjustment of the loss and payment.

It follows, of course, that the statute of limitations did not run against the plaintiff during the time which preceded the happening of this condition precedent.

The agreement to extend the time was directly inconsistent not only with the provision for a one-year period of limitation, but also with the fixing of the time of payment at fifty days after the date of the proof of loss. Thus the contention of the company that the Massachusetts statute of limitations applies and cuts off the claim rests upon the same ground as its contention that the contractual limitation of one year bars the claim, namely, that the parties did not agree to extend the time and await the result of the bankruptcy proceedings.

The jury's finding and our opinion, to the contrary, cut under and destroy both branches of the argument that the action is barred by lapse of time.

The judgment of the District Court is affirmed, and the defendant in error recovers costs in this court.