**Edward S. WINGENROTH and Mildred B. Wingenroth, Plaintiffs-Appellants,**

v.

**AMERICAN STATES INSURANCE COMPANY, Defendant-Appellee.**

No. 2–583A154.

Court of Appeals of Indiana, Second District.

Nov. 10, 1983.

John F. Townsend, Jr., Townsend, Hovde, Townsend & Montross, Indianapolis, for plaintiffs-appellants.

Kent O. Stewart, John M. McCrum, Stewart & Reeder, Indianapolis, for defendant-appellee.

RATLIFF, Judge (writing by designation)

## STATEMENT OF THE CASE

The Wingenroths appeal from the granting of summary judgment by the Marion Superior Court to the defendant, American States Insurance Company, in an action for recovery of insurance proceeds under the terms of their homeowner's policy. We reverse and remand.

## FACTS

During a storm on June 29, 1976, a tree fell on the roof of the Wingenroth home causing extensive damage. The Wingenroths notified American States of the damages and repairs were commenced.

Some time prior to August 25, 1977, American States issued a check to the Wingenroths for $11,664.13 for payment of the repairs made to the roof. The Wingenroths, however, were hesitant to endorse the check, fearing that if they did, American States might refuse to pay for any additional damages subsequently discovered. To assuage their fears, Arthur Smith, a claims representative of American States, wrote the Wingenroths on August 25, 1977, informing them that

"In the event additional damage [sic] are discovered at a later date that are a result of the storm loss of June 29, 1976, we will honor the additional claim.

The endorsement of the draft in no way releases us from our obligation to

fulfill the terms of your insurance contract."

Record at 58. The Wingenroths subsequently endorsed the check.

Problems with the roof persisted and further repairs were necessary; however, the parties disagreed as to the cause of the problems. While the Wingenroths attributed them to the original storm damage, American States contended they were due to the roof's natural deterioration. Nevertheless, on December 4, 1979, American States issued a second check to the Wingenroths, this one in the amount of $1,851.18. In the accompanying letter the company stated that with issuance of the check it hoped to "bring this matter to an amicable conclusion." Record at 29.

Such a conclusion was not reached, however, and the Wingenroths continued to experience problems with the roof. Following further negotiations, American States' president, Edwin Goss, in a letter dated January 6, 1981, offered to pay as much as $500 for additional repairs. Believing this amount to be insufficient, the Wingenroths rejected the offer on February 17, 1981.

Feeling the negotiations with American States to be at an impasse, the Wingenroths contacted the Indiana Department of Insurance. After several months of correspondence, the Department advised the Wingenroths that their dispute appeared to be of a contractual nature and that judicial proceedings would probably be necessary.

On April 29, 1982, the Wingenroths initiated suit against American States to recover the additional costs incurred in repairing their roof. American States, citing a provision of the Wingenroth's policy requiring any cause of action to be initiated within one year of the inception of the loss, moved for summary judgment. This motion was granted by the Marion Superior Court on February 15, 1983, and the Wingenroths now appeal.

## ISSUE

A single issue is raised by the Wingenroths in their brief. We restate it as follows:

Are there any genuine issues of material fact present regarding whether American States waived the one year limitation period which serve to preclude the granting of summary judgment?

## DISCUSSION AND DECISION

Because there are genuine issues of material fact in dispute concerning whether the one year limitation period was waived by American States, the granting of summary judgment was improper. Accordingly, we reverse and remand for trial.

As an appellate tribunal, we employ the same standard of review utilized by the trial court when reviewing its granting of summary judgment. *Interstate Auction, Inc. v. Central National Insurance Group, Inc.,* (1983) Ind.App., 448 N.E.2d 1094, 1097. The judgment will be sustained only when we are able to ascertain an absence of any genuine issues of material fact, *id.,* and that the moving party is entitled to judgment as a matter of law. *Marsym Development Corp. v. Winchester Economic Development Commission,* (1983) Ind.App., 447 N.E.2d 1138, 1141, (transfer pending). Thus, in the instant case, the burden of establishing an absence of any genuine issues rests with American States as the moving party, *Vanco v. Sportsmax, Inc.,* (1983) Ind.App., 448 N.E.2d 1198, 1200, and any doubt as to the existence thereof must be resolved in favor of the Wingenroths. *Lawson v. Howmet Aluminum Corp.,* (1983) Ind.App., 449 N.E.2d 1172, 1175; *Moll v. South Central Solar Systems, Inc.,* (1981) Ind.App., 419 N.E.2d 154, 159; *Lee v. Weston,* (1980) Ind. App., 402 N.E.2d 23, 24.

In the present case, the Wingenroths contend American States, by its conduct, effectively waived the limitation period thereby relieving them of the contractual obligation to initiate their cause of action within one year. The limitation provision in dispute states: "Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, *and unless*

*commenced within twelve (12) months next after inception of the loss.*" Record at 16 (emphasis supplied).

█ Generally, such limitation periods, while not favored in the law, *Huff v. Travelers Indemnity Co.,* (1977) 266 Ind. 414, 423, 363 N.E.2d 985, 991; *Statesman Insurance Co. v. Reibly,* (1978) 175 Ind.App. 317, 320, 371 N.E.2d 414, 416, *trans. denied,* are nevertheless enforceable. *Statesman,* 175 Ind.App. at 320, 371 N.E.2d at 416; *Continental Insurance Co. v. Thornburg,* (1966) 141 Ind.App. 554, 558, 219 N.E.2d 450, 453, *trans. denied* (1967). *Contra Scalf v. Globe American Casualty Co.,* (1982) Ind.App., 442 N.E.2d 8, *trans. denied* (1983) (policy limitation period which impedes a stated statutory purpose is void as against public policy).

█ However, contractual limitation periods may be waived by an insurer if its conduct is sufficient to create a reasonable belief on the part of the insured that strict compliance with the policy provision will not be required. *Huff,* 266 Ind. at 424, 363 N.E.2d at 985, *quoting Continental Insurance,* 141 Ind.App. at 558–59, 219 N.E.2d at 453. The focus of our inquiry then is upon the relationship between the parties, seeking to determine "whether anything has been done ... which would cause the insured to reasonably believe the limitation period will not be insisted upon." *Huff,* 266 Ind. at 423, 363 N.E.2d at 991. If such a belief has been fostered by the insurer, it may no longer raise the limitation period as a defense. "To hold otherise," as we noted in *Huff,* "would be to allow the insurer to lull an insured into not pressing his rights and then deny liability on the basis of the limitation period." *Id.* at 425, 363 N.E.2d at 992.

In the present case, the trial court expressly determined:

"That the acts of the defendant, including the letter of January 6, 1981, were not sufficient to justify a reasonable belief on the part of the plaintiffs that defendant would not insist on compliance with the policy provision as to the time within which suit might be·filed. That the plaintiffs failed to commence this suit within the time limit provided by the policy.

That there are no issues of law or fact ..." Record at 78.

█ From our review of the record, however, we believe there are genuine issues of material fact present concerning the issue of waiver. While the Wingenroths endorsed the first check received from American States more than one year after the inception of their loss, they did so only after receiving assurances from its agent that any subsequently discovered damages would also be covered. Although the letter did not expressly declare American States was waiving the one year limitation period, it clearly could give rise to the reasonable inference that the company would not require strict compliance with the provision. At the very least, we believe the trial court was faced with a factual dispute concerning whether the conduct of American States was sufficient to create a reasonable belief on the part of the Wingenroths that a waiver had occurred. This was sufficient to preclude disposition by means of summary judgment. *Lawson,* 449 N.E.2d at 1175.

Furthermore, despite the urging of American States to the contrary, we find *Wallace v. Indiana Insurance Co.,* (1981) Ind.App., 428 N.E.2d 1361, to be readily distinguishable. In *Wallace,* we affirmed the granting of summary judgment against an insured for failure to comply with certain policy provisions concerning the reporting of losses. However, unlike the present case, in *Wallace* there was no evidence whatsoever that the insurer's conduct created a reasonable belief on the part of the insured that the provisions were waived.

By so holding we do not intend to imply the Wingenroths have timely filed their cause of action. Contrary to the Wingenroths' assertion that they had ten years within which to initiate their cause of action, Indiana Code section 34–1–2–2(6) (1983 Supp.), we believe they were limited to a reasonable time. *Statesman,* 175 Ind. App. at 322, 371 N.E.2d at 417. Thus, if it is determined on remand that a waiver oc-

curred, the trial court must still make the factual determination of whether the Wingenroths filed their cause of action within a reasonable time following notification their claim had been denied. *Id.*

Reversed and remanded.

BUCHANAN, C.J., and SHIELDS, J., concur.