Clifford B. ERNST, Jr.,
Plaintiff-Appellant,

v.

INDIANA BELL TELEPHONE COMPANY L. Keith Wable and Jack Mattix, Defendant-Appellees.

No. 1-784A166.

Court of Appeals of Indiana,
First District.

March 13, 1985.

Joseph L. White, Louisville, Ky., Gary L. Silletto, Jeffersonville, for plaintiff-appellant.

Henry C. Ryder, Douglas J. Heckler, Roberts, Ryder, Rogers & Scism, Indianapolis, for defendant-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Clifford B. Ernst, Jr. (Ernst) appeals the Floyd Circuit Court's granting of appellees' Motion for Summary Judgment. Ernst sued Indiana Bell Telephone Company (Bell) and L. Keith Wable (Wable) and Jack Mattix (Mattix), individuals and as agents of Bell, alleging that appellees defamed him, resulting in injury to his reputation and the loss of his job with the company.

We affirm.

## STATEMENT OF THE FACTS

Ernst was employed as an installer/repairman by Bell, working out of New Albany, Indiana. He was a member of the Communication Workers of America (CWA), a union representing some of the employees at Bell.

During Ernst's employment with Bell, his immediate supervisors, at all times relevant herein, were Wable and Mattix. Mattix was Wable's supervisor.

On April 20, 1979, around midnight, Ernst was involved in an accident in a company vehicle. Bell determined that Ernst had not received authorization from his supervisors to stay out past the 5:00 p.m. quitting time. As a result, Ernst was not paid overtime by Bell for the time period in question, and injuries resulting from the accident were classified as "off duty" under the company benefit plan. Because of the latter determination, Ernst received benefits for approximately one year. On April 27, 1980, Ernst was terminated as an employee; Bell took the position he was no longer physically able to perform his job. Ernst later filed a successful workmen's compensation claim for injuries he received in the accident. Ind. App., 444 N.E.2d 1258. He did not, however, file a grievance protesting his termination.

On August 22, 1979, Ernst filed two grievances under the collective bargaining agreement in force at the time, challenging Bell's actions. The first grievance claimed that Ernst was entitled to overtime pay on the evening in question. The second grievance challenged the determination that Ernst had suffered "off duty" injuries.

Pursuant to the bargaining agreement, the second step grievance meeting was held September 12, 1979. Present at the meeting were Ernst, his local union representative, Mattix, and Bell District Manager J.L. Allender. The third step meeting was held on November 18, 1979. Present were Ernst, his local representative, a representative of the International Union and three company officials.

The union pursued the overtime pay grievance to arbitration, and an arbitration hearing was held in January 1981, before arbitrator Elliot Goldstein. Supervisors Mattix and Wable testified, under oath, on behalf of Bell at the hearing. In May 1981, arbitrator Goldstein issued an opinion denying Ernst's grievance, finding that he was not entitled to overtime pay on the night of the accident since he was not authorized to be out past 5:00 p.m.

On April 9, 1982, Ernst filed a complaint in United States District Court, Southern District of Indiana, New Albany Division, against Bell and the CWA. This complaint alleged that the company wrongfully discharged Ernst, and that the CWA improperly represented him in its handling of the grievance protesting Bell's refusal to pay Ernst overtime on the date of his accident. On December 29, Judge Cale J. Holder, Southern District of Indiana, dismissed with prejudice Ernst's federal court action. Judge Holder found, *inter alia*, that no grievance had been filed by Ernst protesting his termination, and that the union properly represented him in processing his grievance.

Ernst filed his complaint before the Floyd County Circuit Court on April 12, 1982. He alleged that Wable, Mattix, and Bell willfully defamed him and caused him to be discharged from his employment. On July 7, 1982, appellees took Ernst's deposition and inquired as to the specifics of his charge. In his brief Ernst claims the following instances of alleged defamation:

"1. A telephone call from Wable (TR, p. 166) to the employers of Mrs. Ernst, South Central Bell, to inform them that the Ernsts were 'frolicking in the snow' rather than going to work. This telephone call was made, according to Ernst's recollection, during the winter of 1978 (TR, p. 146).

2. Wable chastised Ernst without reason in front of his co-workers for getting coffee when other employees were allowed to do so. This incident occurred in 1976 or 1977 (TR, pp. 151–152). Wable also warned Ernst, for no reason, not to arrive at work after 8:00 a.m. (TR, pp. 162–163). This incident occurred prior to Ernst's 1979 automobile accident.

3. Mattix made comments to Ernst in his hospital room immediately after his automobile accident on April 21, 1979, that Ernst's job performance was poor. These comments were made in the presence of Ernst's mother and sister (TR, pp. 224–225).

4. Untrue statements made by both Mattix and Wable concerning Ernst's job performance and honesty to each of two grievance meetings held pursuant to the provisions of the Company's collective bargaining agreement (TR, p. 227). The grievance meetings were held on September 12 and November 28, 1979.

5. Sometime after April 27, 1980, information that Ernst was not injured on the job was given by Mattix to the employment security division in response to an unemployment compensation claim filed in New Albany, Indiana, by Ernst (TR, pp. 168–169)."

Reference to Ernst's cites to the record reveals only the following testimony made by Ernst during his deposition:

"Besides the lies he'd mentioned in the arbitration transcript and the workmen's compensation, he also made another false statement that injured me. When I went to see about unemployment at New Albany at the unemployment office ... Mattix was the one that answered the inquiry ... from the phone company, and he made his statement that I was not injured on the job, which probably had an effect on cutting me off from some possible benefits there. And there again, he defamed me again by making another false statement to still another agency."

(TR 168–169.)

Ernst's list of claims continues in the following manner:

"6. Numerous untrue statements concerning Ernst's activities were made by Wable and Mattix at the Industrial Board of Indiana hearing held on the 1st of October, 1981, for the purpose of ensuring that Ernst did not receive workmen's compensation (TR, p. 154)."

From the transcript:

"A. Then there was ... well one thing that's even in their writing is through the arbitration transcript and the transcript of the Workmen's Compensation they told a lot of lies, you know, in order to ... beat me ...

\*      \*      \*      \*      \*      \*

Q. And the other thing is you feel that he told lies at the arbitration hearing and at the Workmen's Compensation hearing?

A. Yes."

(TR 154)

Ernst's final claim is:

"7. Wable and Mattix gave false testimony at the labor arbitration hearing held in January, 1981, indicating that Ernst was untrustworthy (TR, pp. 153–154)."

From the transcript:

"They are not sticking to the truth. And these things, they are designed to make me out as the one that's not to be trusted or trustworthy."

(TR 153–154).

Ernst further testified in his deposition that the claimed falsehoods by Wable and Mattix surrounded the incident of April 20, 1979, when he was involved in an accident. He further testified that statements made by Wable and Mattix were not made to anyone else outside the employ of Indiana Bell Telephone Company and most were statements concerning his employment and job performance at Indiana Bell.

The trial judge granted Bell's motion for summary judgment on several alternate grounds. He found that consideration of claims 1, 2, 3, and 4, was barred by the applicable two-year statute of limitations, IND.CODE 34-1-2-2.

The trial court found that Ernst's contention that the limitations period should be tolled due to his lack of knowledge of injury is contrary to law. It further found that Ernst failed to establish the elements of a cause of action for defamation and that Ernst's lawsuit was barred by the doctrines of res judicata and the failure to exhaust contractual remedies.

### ISSUES

Ernst raises the following issues, restated by us:

I. The trial court erred in applying the statute of limitations to the bulk of Ernst's claims due to

A. the contention that the allegedly defamatory remarks were one continuous act, and

B. the doctrine of estoppel.

II. The trial court erred in granting summary judgment because appellees' remarks fell outside the scope of qualified privilege.

III. The trial court erred in granting summary judgment because appellees' remarks were made with knowledge of their falsity and with reckless disregard of the truth.

### I. *Statute of Limitations.*

■ As shown in the statement of facts, the two-year statute of limitations, IND. CODE 34-1-2-2, covering injuries to person or character, has run on several of the allegedly defamatory remarks. Ernst argues that all the statements made by appellees should be construed as one continuous act and that appellees should be estopped from asserting the statute of limitations. Ernst cites no authority to support his contentions; his argument consists of bald assertions. He has waived the issue. Ind. Rules of Appellate Procedure, Trial Rule 8.3(A)(7). *State v. Edgman,* (1983) Ind. App., 447 N.E.2d 1091; *Shuee v. Gedert,* (1979) 182 Ind.App. 432, 395 N.E.2d 804.

### II. *Qualified Privilege.*

■ On the balance of the allegedly defamatory statements, six and seven contain no allegation of any particular statement but are merely broad assertions which accuse Wable and Mattix of lying in the course of the various proceedings. Not only are we not told the precise statements made by appellees, but Ernst also does not explain how they lied. Such broad generalizations, of and to themselves, are not actionable defamation. Specification five simply says that Mattix answered the inquiry of the Employment Security Division and stated that Ernst was not injured on the job. In spite of glaring factual insufficiencies and lack of cogent argument in the brief, we will address this issue.

The trial court found that the balance of the allegedly defamatory statements did not provide a cause of action for defamation for two reasons—first, they were not actionable since no publication occurred; and second, Ernst consented to Bell's publication and such consent bars recovery.

█ Reviewing the remaining claims which we have not already decided are barred by the two-year statute of limitations, we determine that statements made during grievance meetings, at an arbitration hearing, and in the processing of Ernst's unemployment compensation and Workmen's Compensation claims are similarly insufficient to support a cause of action for defamation. We base our decision on the trial court's second ground for denying recovery.

"Defamation is not actionable unless there is a 'publication'." *Brockman v. Detroit Diesel Allison Div.*, (1977) 174 Ind. App. 240, 244, 366 N.E.2d 1201. The *Brockman* court held further that "just as there can be no actionable defamation if there is no publication, one who consents to publication of statement is barred from recovery." *Brockman*, supra, at 246, 366 N.E.2d 1201.

█ By filing grievances under his labor contract and making claims for unemployment compensation and workman's compensation, Ernst submitted his conduct to investigation, and he consented to the company's publication of its viewpoint in the matter. One who agrees to submit his conduct to investigation knowing that its results will be published consents to that publication. *Id.*, citing Prosser, *Handbook of the Law of Torts*, Sec. 114 (4th Ed.1971).

Ernst was a member of the CWA. Employers and employees, through their respective representatives, agree, pursuant to a collective bargaining agreement, to submit controversies covered by the agreement to arbitration. IND.CODE 34–4–2–1. IND.CODE 34–4–2–6 provides that the arbitrator shall hear and determine the controversy upon the evidence produced, and "the parties are entitled to be heard, to present any and all evidence material to the controversy" at the hearing. Thus, as a member of the CWA, Ernst agreed to follow the grievance procedures outlined in the collective bargaining agreement.

Similarly, when an individual files a claim with the Employment Security Division, the division must promptly make a determination of his status as an insured worker. IND.CODE 22–4–17–2. The division furnishes notice to the employer of its benefit liability; if the employer has "knowledge of facts which may affect an individual's eligibility or right to waiting period credits or benefits, [it] shall notify the division of such facts promptly". IND.CODE 22–4–17–2(c). Thus an employer or its agents has a *duty* to inform the Employment Security Division of facts which may affect the claimant's eligibility; when Ernst applied for unemployment, Bell's affirmative duty to present its set of facts evolved. The same reasoning extends to the workman's compensation hearing: when Ernst applied for benefits, he submitted the circumstances of his accident to scrutiny and evaluation, and he consented to the publication of the company's version of the matter.

The trial judge correctly determined that Ernst's consent to publication in claims 5, 6, and 7 barred recovery for defamation on those claims.

III. *Falsity and Reckless Disregard.*

Ernst contends the trial court found that he, in filing grievances and claims, consented to whatever Wable and Mattix might say about him. He argues that such filing of grievances and claims is not a consent to defamatory remarks made with malice or indifference to truth or falsity—"even privilege cannot protect those types of defaming remarks". Appellant's brief, page 14.

█ We have already determined that because Ernst submitted his conduct to investigation knowing that the results would be published, he is barred from recovery. The privilege conferred by the consent of the person about whom the defamatory matter is published is absolute. Rest.2d, *Torts*, Sec. 583, Comment (f). Evidence of

alleged malice does not defeat an absolute privilege. *Brockman, supra,* at 247, 366 N.E.2d 1201.

At any rate, even assuming that communications made in the course of administrative hearings are only qualifiedly privileged.[1] *see Shallenberger v. Scoggins-Tomlinson, Inc.,* (1982) Ind.App., 439 N.E.2d 699, Ernst must set forth specific facts showing that the protection of the qualified privilege was lost because the speaker was primarily motivated by feelings of ill will toward the plaintiff, the privilege was abused by excessive publication of the defamatory statement, or the statement was made without belief or grounds for belief in its truth in order to avoid summary judgment. *Lawson v. Howmet Aluminum Corp.,* (1983) Ind. App., 449 N.E.2d 1172.

In his brief, appellant states merely that Wable and Mattix lost any qualified privilege they might have had when they spoke falsely and with malice. Ernst fortifies this conclusory statement only by referring to the "continuing pattern" of malice he alleged to avoid the application of the statute of limitations.

Employing the Third District's language in *Lawson* and adjusting such language to these particular facts, we find that Ernst has failed to demonstrate that appellees acted maliciously or with reckless disregard for the truth. Ernst has merely presented unsubstantiated allegations; his "bald assertion" that Wable and Mattix acted in bad faith will not make it so. *Lawson, supra,* at 1176. Thus because Wable and Mattix's statements are privileged and because Ernst produced no evidence from which bad faith and malice may be inferred, summary judgment was properly granted. *Id.*

For the above reasons, this cause is affirmed.

Judgment affirmed.

RATLIFF, P.J., and ROBERTSON, J., concur.

---

1. Statements made to the Employment Security Division are protected by a qualified privilege according to IND.CODE 22–4–17–9.