James Earl CROSS, Appellant,

v.

FIRE DEPARTMENT PENSION FUND OF the CITY OF GARY in the State of Indiana, Richard Gilliam, Secretary, Fire Department Pension Fund & the City of Gary, Indiana, Appellees.

No. 37A04–8808–CV–258.

Court of Appeals of Indiana, Fourth District.

May 8, 1989.

Lance Silvian, East Chicago, for appellant.

Hamilton L. Carmouche and Jack G. Willard, Merrillville, for appellees.

CHEZEM, Judge.

### Case Summary

Appellant, James Earl Cross ("Cross"), appeals the trial court's granting of Appellee's, Fire Department Pension Fund of the City of Gary, Richard Gilliam and The City of Gary ("Pension Fund"), motion for summary judgment. Affirmed.

### Issues

Cross raises eleven issues for review. Because of our disposition of this appeal, however, we need only consider those related to privilege.

On appeal Cross argues that the trial court erroneously granted summary judgment because the following material issues of fact exist: whether the letter submitted by Gilliam on behalf of the Pension Fund to P.E.R.F. is defamatory; whether Pension Fund has qualified privilege to disseminate defamatory information in its determination of disability; whether, if such a privilege exists, Pension Fund abused the privilege; and, whether the alleged defamatory letter was made with malice or reckless disregard for the truth so as to negate any defense of privilege.

### Facts

Cross was employed as a firefighter with the Fire Department of the City of Gary, Indiana from 1973 to 1985. During 1984, Cross developed asthma which was aggravated by smoke, dust and extreme temperatures. This asthmatic condition prevented Cross from performing his normal duties as a firefighter.

On February 15, 1985, Cross filed an application for disability benefits with the Local Board. On April 24, 1985, Cross brought Bobby Joiner, Chief of the Gary Fire Department, a note purportedly written by Dr. Jatinder Kansal, Cross' personal physician. The note was written in two different inks. On April 26, 1985, Richard Gilliam, Secretary of the Pension Fund, and Joiner had a conference call with one of Dr. Kansal's employees regarding the authenticity of the note; the employee said that the note would not have been prepared and signed in two different colored inks. On the basis of that conversation, Gilliam wrote a letter to the Board of Trustees of the Public Employees' Retirement Fund ("PERF"):

Dear Sir,

The Local Pension Board of the Gary Fire Department met on April 26, 1985 and reviewed the records of James E. Cross, 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. He entered the Gary Fire Pension plan on November 6, 1973 as Albert E. McCain. In 1981 he changed his name to James Earl Cross. He converted to the P.E.R.F. in 1980. Mr. Cross states that he has asthma which is aggravated on exposure to

smoke, dust, cold air, sudden change in weather. His own Dr. along with the Local Board's Dr. agree that he can do some sort of desk job. He was offered a job as dispatcher, or in fire prevention by the Fire Chief. He refused and claimed he had another attack the very same day. After talking with his doctor we came to the conclusion that Mr. Cross is putting on an act. Dr. Kansel who is his Dr. states that he can work the dispatcher or fire prevention job. He also tried to falseify [sic] a doctor's slip which is included in his file.

The Gary Fire Pension Board has therefore denied him a disability pension. We are forwarding his records to the P.E.R.F. Board along with this determination. We respectfully await your determination.

Respectfully Yours,

/s/ Richard E. Gilliam

Pension Board Secretary

On January 16, 1986, Cross filed suit for libel based on the above communication. On February 24, 1988, the Local Board filed a motion for summary judgment. The trial court, in its hearing, did not consider the employee's statement about the falsified doctor's note as reliable evidence. However, the motion for summary judgment was granted on May 4, 1988.

### Discussion and Decision

Under Ind. Rules of Procedure, Trial Rule 56(C), a motion for summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In order to determine whether a genuine issue of fact exists, the court accepts as true all facts alleged by the nonmoving party and resolves any doubt as to the existence of a genuine issue of fact against the moving party. *ITT Com. Finance v. Union Bank and Trust* (1988), Ind.App., 528 N.E.2d 1149. The party seeking summary judgment has the burden of establishing the lack of disputed material facts. *Id.*

■ Whether a statement is protected by a qualified privilege is a question of law, unless the facts are in dispute. *Lawson v. Howmet Aluminum Corp.* (1983), Ind. App., 449 N.E.2d 1172, 1175.

[The defense of qualified privilege will protect a communication] made in good faith on any subject matter in which the party making the communication has an interest or in reference to which he has a duty either public or private, either legal, moral, or social, if made to a person having a corresponding interest or duty . . .

*Id. citing Elliott v. Roach* (1980), Ind.App., 409 N.E.2d 661,672. Gilliam as Secretary of the Local Board and P.E.R.F. had a common interest in the reason for denying Cross' disability benefits. Thus, the Local Board has made a prima facie showing that the communication between them was protected by a qualified privilege.

■ The protection of a qualified privilege may be lost if the plaintiff shows that the publisher was primarily motivated by feelings of ill will toward the plaintiff, if the privilege was abused by excessive publication of the defamatory statement, or if the statement was made without belief or grounds for belief in its truth. *Id.* While the good faith of the speaker is generally a question of fact, *Elliott, supra* at 673, in order to avoid summary judgment, Cross must set forth specific facts showing that there is a genuine issue for trial. Ind. Rules of Procedure, Trial Rule 56(E).

■ Cross contends that Gilliam was primarily motivated by feelings of ill will toward him in writing the letter to P.E.R.F. However, Cross fails to offer any support of that contention. Cross stated in his Affidavit in Support of Response to Motion for Summary Judgment that "[T]here occurred on several occasions previous to November, 1984, run'ins and arguements [sic] between Plaintiff and Richard Gilliam; and that there was no love lost between them." Cross' bald assertion that Gilliam was primarily motivated by feelings of ill will will not make it so.

Further, Cross argues that the letter was written without belief or grounds for belief in its truth. Cross has failed to offer any support that the doctor's slip referred to in Gilliam's letter was in fact written by Dr. Kansel. Likewise, Gilliam and Joiner spoke with an employee of Kansel who indicated that the note could not have been written by Kansel. There is simply no proof that Gilliam or the Local Board did not have a good faith belief that Cross falsified the doctor's slip.

Because Gilliam's publication is protected by a qualified privilege and Cross has produced no evidence from which ill will or bad faith can be inferred, summary judgment was properly granted in favor of Gilliam and the Local Board. Affirmed.

MILLER and GARRARD, JJ., concur.