**Gary EVENSON, Plaintiff,**

v.

**OSMOSE WOOD PRESERVING, INC., and American Wood Preservers Institute, Defendants.**

**No. IP 87–388–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 18, 1990.

John D. Cochran, William T. Graden, Joan F. Irick, Indianapolis, Ind., for defendants.

DILLIN, District Judge.

This matter comes before the Court on a joint motion for summary judgment by Osmose Wood Preserving, Inc. and American Wood Preserver's Institute on the basis of federal preemption, and on American Wood Preservers Institute's separate motion for summary judgment on additional grounds.

## BACKGROUND

Plaintiff Gary Evenson worked at Indiana Wood Preserving in Morristown, Indiana as a wood treatment worker from 1980 to 1985. As part of his duties, Evenson treated lumber with a pesticide manufactured by Osmose Wood Preserving, Inc. (Osmose) which contained chromic acid, copper oxide, and arsenic acid (also called chromated copper arsenate or "CCA"). Evenson claims that his exposure to the pesticide caused him injury, including asthma and upper chest pains. He filed a complaint in Shelby Circuit Court on March 13, 1987, which complaint was properly removed to this Court on April 13, 1987.

This Court granted summary judgment in favor of all defendants on December 27, 1988, on the basis that the plaintiff had not timely commenced his suit under the applicable statute of limitations. The Court of Appeals for the Seventh Circuit reversed this Court's decision, *Evenson v. Osmose Wood Preserving Co. of America,* 899 F.2d 701 (7th Cir.1990), and remanded the case for further proceedings including a determination of whether plaintiff's claims are preempted under the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. §§ 136–136y (1988).

In addition to reasserting nonliability based on preemption, AWPI asserts separate grounds for summary judgment.

## DISCUSSION

Summary judgment, pursuant to Rule 56, F.R.Civ.P., is proper only when there is no genuine issue of material fact. *Big O Tire*

David S. McCrea, Bloomington, Ind., for plaintiff.

*Dealers, Inc. v. Big O Warehouse,* 741 F.2d 160, 163 (7th Cir.1984). The burden of establishing the lack of any genuine issue of material fact is upon the movant, and all doubts are to be resolved against him. *Yorger v. Pittsburgh Corning Corp.,* 733 F.2d 1215, 1218 (7th Cir.1984). If the moving party has met this initial burden and the nonmoving party claims the existence of a question of fact, the Court must then determine whether a genuine issue has been established as to that fact. *Big O Tire Dealers,* 741 F.2d at 163. Summary judgment must be entered against the nonmoving party where the nonmoving party, after adequate time for discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273 (1986). "In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

*Defendants' joint motion*

Evenson claims, *inter alia,* that the warnings and health and safety-related information which he received from the defendants were inadequate. He does not allege that the defendants failed to comply with the Environmental Protection Agency (EPA) requirements authorized by FIFRA, but rather alleges that the defendants' alleged failure to warn gives rise to common law negligence liability.

■■ Congress may preempt state law through either express language or implication. *See, e.g., Cipollone v. Liggett Group, Inc.,* 789 F.2d 181 (3d Cir.1986), *cert. denied,* 479 U.S. 1043, 107 S.Ct. 907, 93 L.Ed.2d 857 (1987). Implicit preemption may occur when Congress had manifested its intent to occupy an entire field of regulation or when state law stands as an obstacle to the accomplishment of the full objectives of Congress. *Louisiana Public Service Commission v. Federal Communications Commission,* 476 U.S. 355, 368–

69, 106 S.Ct. 1890, 1898–99, 90 L.Ed.2d 369, 381–82 (1986); *Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 249, 104 S.Ct. 615, 621, 78 L.Ed.2d 443, 453 (1984). There is a presumption that "Congress did not intend to displace state law." *Maryland v. Louisiana,* 451 U.S. 725, 746, 101 S.Ct. 2114, 2129, 68 L.Ed.2d 576, 595 (1981).

■ The defendants contend that § 136v shows Congress' intent to preempt state tort law claims based on inadequate labeling and warnings. They assert that common law negligence claims based on inadequacy of warnings and other information challenge the adequacy of EPA-required product labeling and thus would conflict with the both language and purpose of FIFRA. Section 136v provides the following in relevant part:

(a) In general

A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter.

7 U.S.C. § 136v(a).

(b) Uniformity

Such State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter.

7 U.S.C. § 136v(b).

It is clear that § 136v provides the states with some regulatory role in the area of pesticides. The question here is whether Evenson's claim poses a conflict with FIFRA's directive against state changes in labeling requirements.

Case authority submitted by the parties reveals a decided split on the issue of federal preemption. The Seventh Circuit has not yet decided the question. The defendants rely on a line of cases beginning with *Fitzgerald v. Mallinckrodt, Inc.,* 681 F.Supp. 404 (E.D.Mich.1987), which held that "any state law tort recovery based on a failure to warn theory would abrogate Congress' intent to provide uniform regulations governing the labeling of pesticides." *Id.* at 407. The *Fitzgerald* court adopted

the reasoning in *Palmer v. Liggett Group, Inc.*, 825 F.2d 620, 625–26 (1st Cir.1987), which decided the preemption issue in the context of cigarette warnings:

> If a manufacturer's warning that complies with the [Cigarette] Act is found inadequate under a state tort theory, the damages awarded and verdict rendered against it can be viewed as state regulation: the decision effectively compels the manufacturer to alter its warning to conform to different state law requirements as "promulgated" by a jury's findings . . . .

*Id.* at 627.

The plaintiff relies on *Ferebee v. Chevron Chemical Co.*, 736 F.2d 1529 (D.C.Cir. 1984), *cert. denied*, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1984) and its progeny. The Court finds this line of cases more persuasive.

The *Ferebee* court found that Section 136v(b) does not explicitly preempt state tort recovery. Under FIFRA, the court reasoned, states may impose more stringent restraints on the *use* of EPA-approved pesticides. *Ferebee*, 736 F.2d at 1541; *see also*, 7 U.S.C. § 136v(a). A state may decide to restrict the *use* of a pesticide by requiring the manufacturers to compensate plaintiffs for pesticide related injuries. Such compensation may include providing relief to plaintiffs whose injuries "could have been prevented by a more adequate label." *Ferebee*, 736 F.2d at 1541; *see also, Roberts v. Dow Chemical Co.*, 702 F.Supp. 195, 197 (N.D.Ill.1988).

We also agree with the *Ferebee* line of cases that Congress did not intend to occupy the entire field of pesticide use or pesticide labeling. While the Federal Cigarette Labeling and Advertising Act (15 U.S.C. § 1331) discussed in *Palmer* prescribes the exact content of cigarette package labels, FIFRA requires the pesticide manufacturers to submit their proposed label to the EPA for approval. "The fact that manufacturers submit their own labels implies a duty to provide a label that gives adequate warnings about the risks associated with the product's use notwithstanding the approval of the EPA." *Cox v. Velsicol*

*Chemical Corp.*, 704 F.Supp. 85, 87 (E.D. Pa.1989) (holding that Congress intended through FIFRA to set minimum, not comprehensive, standards for pesticide labeling). *See also, Roberts*, 702 F.Supp. at 199.

The Court finds that FIFRA does not preempt state law tort claims based on inadequate labeling of pesticides, and agrees with the conclusions stated in *Ferebee*:

> First, Congress has not *explicitly* preempted state damage actions; it has merely precluded states from directly ordering changes in the EPA-approved labels . . . Second, compliance with both federal and state law cannot be said to be impossible: [defendant] can continue to use the EPA-approved label and can at the same time pay damages to successful plaintiffs such as [plaintiff]; alternatively, [defendant] can petition EPA to allow the label to be made more comprehensive. Third, state damages actions of the sort at issue here do not stand as an obstacle to the accomplishment of FIFRA's purpose. Such a conflict would exist only if FIFRA were viewed not as a regulatory statute aimed at protecting citizens from the hazards of modern pesticides, but rather as an affirmative subsidization of the pesticide industry that commanded states to accept the use of EPA-registered pesticides.

736 F.2d at 1542–42, cited in *Cox*, 704 F.Supp. at 87.

Because we reject defendants' preemption argument, defendants' joint motion for summary judgment is denied.

*AWPI's motion*

■ AWPI asserts that it is entitled to summary judgment on the grounds that the plaintiff has alleged no facts upon which AWPI could be held liable for damages. This Court agrees.

■ The complaint alleges that, like Osmose Wood, AWPI failed to warn Evenson of the dangers associated with CCA. In order to establish a prima facie case of negligence, a plaintiff must show that the defendant owed a duty to the plaintiff, that

the defendant's conduct failed to fulfill that duty, and that the plaintiff sustained an injury as a result of that failure. *Collins v. American Optometric Association*, 693 F.2d 636 (7th Cir.1982) (citation omitted). Generally, a legal duty arises from the nature of relationships between people. *Lawson v. Howmet Aluminum Corporation*, 449 N.E.2d 1172, 1177 (Ind.App.1983).

In the instant case, the plaintiff has alleged no facts showing that AWPI owed him a duty to communicate the dangers of working with CCA. AWPI is a trade association; it is undisputed that AWPI did not manufacture, sell distribute, design, test, conduct safety research on, or set standards for CCA. We believe that there is no relationship upon which plaintiff may base a claim for negligence against AWPI. *See, Harmon v. National Automotive Parts Ass'n*, 720 F.Supp. 79, 82 (N.D.Miss.1989) (trade association not so connected with manufacture of batteries to be liable under products liability theory); *Klein v. Council of Chemical Associations*, 587 F.Supp. 213, 225 (E.D.Pa.1984) (chemical trade associations which did not manufacture or sell product were not liable although they conducted research regarding products). Since plaintiff's claims for fraud and willful misconduct also depend on the existence of a relationship of duty, those claims must fail as well.

The Court finds that since Evenson has alleged no facts upon which AWPI can be held liable for damages, summary judgment must be entered in favor of AWPI.

## CONCLUSION

The Court finds that plaintiffs' claims based on inadequate warning are not preempted by FIFRA; accordingly the defendants' joint motion for summary judgment is denied. However, since the plaintiff has alleged no facts upon which AWPI can be held liable, AWPI's motion for summary judgment is granted.